(85 App. Div. 271.)

VAN GAASBEEK v. STAPLES et al.

(Supreme Court, Appellate Division, Third Department. June 30, 1903.)

1. TRIAL—TAKING QUESTION FROM JURY.

In an action by an administratrix to set aside an assignment of a bond and mortgage defendant contended that the bond was held by the intestate under an assignment in trust for his father, under whom defendant claimed. The only evidence of this theory was the uncontra-

83 N.Y.S.—15

dicted testimony of defendant's wife to declarations of the father and admissions of intestate. *Held*, that the weight of her testimony was for the jury, and, in view of the assignment, it was not error to submit the question of intestate's ownership, against the contention that, testimony of defendant's wife being the sole evidence, there was no issue of fact for the jury.

2. MORTGAGE—ASSIGNMENTS—DELIVERY.

The fact that the assignment to the intestate was recorded was sufficient evidence to warrant the jury in finding that there had been a delivery to him.

3. ADMINISTRATORS—APPOINTMENT—COLLATERAL ATTACK.

Where, in an action by an administrator, it appeared that he was appointed on sufficient affidavit that deceased was a resident of the county where the appointment was made at the time of his death, the contention that there was no jurisdiction because deceased resided elsewhere cannot be raised under Code Civ. Proc. § 2473, providing that the jurisdiction of the Surrogate Court to make such order is conclusively presumed in collateral actions in absence of allegations of fraud or collusion.

Appeal from Trial Term, Ulster County.

Action by Lizzie J. Van Gaasbeek, administratrix of the estate of Abram H. Van Gaasbeek, deceased, against Stephen Staples, impleaded with Camelia Staples. From a judgment for plaintiff, defendant Stephen Staples appeals. Affirmed.

The action is brought to set aside an assignment made by plaintiff's intestate to the defendant Stephen Staples of a certain bond and mortgage, and to compel the delivery of such bond and mortgage to the plaintiff, and for an accounting by such defendant for the moneys collected thereon. The bond and mortgage were made in 1894 by one Kraus to Maurice Murphy, who made a written assignment thereof to Abram H. Van Gaasbeek October 13, 1896, in consideration of $600. The payment for such assignment was made by the check of Richard M. Van Gaasbeek, the father of Abram, and the assignment was recorded in the clerk's office October 16, 1896. Abram died December 21, 1900. A few days before his death, and on December 15, 1900, he executed an assignment of the bond and mortgage to the appellant. The respondent insists that Abram was not mentally competent to execute this assignment. The appellant claims title to the bond and mortgage not only by virtue of the assignment, but by reason of a gift of the same to him from Mary P. Van Gaasbeek, the widow of Richard, and the mother of Abram. To support this claim it is insisted that the assignment was taken by Richard in the name of Abram for the former's convenience, or to elude taxation, and that the latter never owned the bond and mortgage. By the will of Richard all his property was bequeathed to his wife. Under this will it is urged that the title to the bond and mortgage passed to Mary, the wife, who in turn, on February 14, 1901, presented and delivered them without written assignment to the appellant. Subsequent to that time the appellant had collected the interest, and also $50 on account of the principal of such bond and mortgage.

Upon the trial the court submitted the following questions to the jury, who answered them as follows: 'First. Was Abram H. Van Gaasbeek, at the time of the execution by him of the assignment of the bond and mortgage in question to Stephen Staples, mentally competent to execute the same? Ans. No. Second. Was Abram H. Van Gaasbeek, at the time of the execution by him of the assignment of the bond and mortgage in question to Stephen Staples, the owner of said bond and mortgage? Ans. Yes." The court adopted this verdict of the jury, and decided that such assignment was void, that such bond and mortgage and the assignment thereof from Murphy to Abram H. Van Gaasbeek should be delivered to the plaintiff, and that the plaintiff recover from the defendant the amount that he had col-

¶ 3. See Executors and Administrators, vol. 22, Cent. Dig. §§ 178, 179.

lected on the bond .and mortgage. Judgment was entered on the decision, and the defendant Stephen Staples has appealed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

G. R. Adams, for appellant.

Auchmoody & Oakes, for respondent.

CHESTER, J.  The question as to whether Abram H. Van Gaasbeek was mentally competent to execute the assignment of the bond and mortgage at the time he executed it was a question of fact to be determined in the case, and was properly submitted to the jury, and the evidence was abundant to support the verdict that he was not. It is strongly urged by the appellant's counsel that there was no evidence to justify the submission of the other question to the jury— as to whether or not Abram was the owner of the bond and mortgage at the time he assigned the same to Stephen, the claim being, first, that there was no evidence of a delivery of the bond and mortgage with the assignment thereof to Abram, so as to devolve the title to the same on him; and, second, that the evidence is uncontradicted that the papers were in the possession of Richard until his death, and after his death in that of his wife; that payments of principal and interest were all made to them until the assignment to Stephen, and after that to him; that there was a confidential relation between father and son, under which the former owned the bond and mortgage, notwithstanding the record title was in the name of the son—in other words, that the son held them in trust for the benefit of the father.  The only evidence to support this theory outside of that relating to payments on the bond and mortgage was given by Mrs. Staples.  It is urged that, as she was not directly contradicted, no question of fact was presented.  In Thompson v. Welde, 10 App. Div. 125, 41 N. Y. Supp. 819, it was said:

"While it is quite true that both the court and jury are bound by the testimony of unimpeached and credible witnesses which is uncontradicted, yet, to raise a question for the jury, it is not necessary that the testimony should be contradicted by the affirmative testimony of other witnesses.  The circumstances under which the evidence is given, the relation of the witnesses to the party in whose behalf they testify, and the nature of the facts to which they testify may be such as to not only warrant, but require, the court to send the case to the jury, although there may be no witnesses testifying upon the other side.  Especially is this likely to be the case where the evidence given is evidence of declarations and admission alleged to have been made by one who is dead, and who, therefore, cannot contradict them.  Oral admissions are, at the best, but an unsatisfactory kind of evidence, and the case is a rare one in which such admissions should be adopted by the court as representing the precise truth of the case."

Mrs. Staples was the wife of the appellant, and evidently largely biased in his favor.  She testified as to declarations of Richard and admissions of Abram after the death of both.  Under such circumstances the weight to be given to her statements was clearly for the jury to determine, and they had the right, if they chose, to reject her testimony.

The fact that the assignment to Abram was recorded was sufficient evidence to justify the jury in finding that it had been delivered

to him.  Sweetland v. Buell, 164 N. Y. 541, 552, 58 N. E. 663, 79 Am. St. Rep. 676; Geissman v. Wolf, 46 Hun, 289.  In addition to this fact, there was some evidence, although not very satisfactory, that Abram had had the mortgage in his possession.

I think the two questions were properly submitted to the jury, that the evidence does not so clearly preponderate against their verdict as to justify us in disturbing it, and that the court properly adopted the verdict as part of its decision.

The appellant also urges that Abram resided in Brooklyn at the time of his death, and that the surrogate of Ulster county had no jurisdiction to appoint the plaintiff his administratrix, and therefore she cannot maintain this action.  But the surrogate, upon a sufficient affidavit that Abram was a resident of Ulster county at the time of his death, issued letters of administration to the plaintiff. There is no allegation in the answer, and no proof, that they were obtained by collusion or fraud, and we think they cannot be attacked collaterally in this action.  Code Civ. Proc. § 2473; O'Connor v. Huggins, 113 N. Y. 517, 21 N. E. 184.

The judgment should be affirmed, with costs.  All concur.