ANNIE P. FLATAUER, Respondent, *v.* HENRIETTA LOSER, Individually and as Executrix of MAX FLATAUER, Deceased, Appellant.

Decedent's estate — adjudication of surrogate that decedent was a resident of a certain county at the time of his death cannot be attacked collaterally — action for distributive share, when maintainable — policy of state to remit residue of estate after payment of debts to domicile of testator for distribution, but not until after accounting and decision on merits.

1. Where the surrogate of a county has determined that a decedent was a resident of that county at the time of his death, and has granted letters testamentary on probate of such decedent's will, such an adjudication cannot be attacked collaterally in an action in the Supreme Court. (Code Civ. Pro. §§ 2472, 2473.)

2. The policy of this state has been, as a matter of judicial discretion, to remit the residue of an estate, after the payment of claims of creditors, to the domicile of the testator there to be distributed pursuant to the laws of such domicile. Such determination, however, involves an accounting by an executor and a decision by the surrogate that a proper case has been made for the exercise of such discretion.

3. An action by one claiming a distributive share of an estate cannot be maintained until one year after the granting of letters.

(Code Civ. Pro. § 1819.) Hence an action to recover a distributive share of an estate, claimed by plaintiff under the laws of another state, which are in conflict with the laws of this state, which is brought within three months after the granting of letters testamentary, is prematurely commenced.

*Flatauer* v. *Loser*, 156 App. Div. 591, reversed.

(Submitted February 25, 1914; decided April 14, 1914.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 16, 1913, which affirmed an order of Special Term denying a motion by defendant for judgment in her favor upon the pleading.

The following question was certified: " Does the complaint state facts sufficient to constitute a cause of action ? "

*Louis Lowenstein* for appellant. The action was commenced within one year from the grant of letters testamentary to defendant as executrix. (Code Civ. Pro. §§ 1819, 2722; *Peterson* v. *Chemical Bank*, 31 N. Y. 21; *Waldsmith* v. *Waldsmith*, 2 Ohio, 156; *Rundle* v. *Allison*, 34 N. Y. 183; *Wheeler* v. *Hatheway*, 54 Mich. 549; *Fischer* v. *Fischer*, 18 J. & S. 74; *Jones* v. *Tanner*, 7 B. & C. 542; *Loder* v. *Hartfield*, 4 Hun, 36; 71 N. Y. 92; *Beers* v. *Strong*, 128 App. Div. 20; *Parsons* v. *Lyman*, 20 N. Y. 103.) The Surrogate's Court has jurisdiction in the premises and the Supreme Court ought, therefore, to refuse to take jurisdiction in the absence of a plea of special facts and circumstances. (*Peterson* v. *Chemical Bank*, 32 N. Y. 21; *Garlock* v. *Vandevort*, 128 N. Y. 374; *Borrow* v. *Corbin*, 31 App. Div. 172; *Crouse* v. *Wilson*, 73 Hun, 353; *Chapman* v. *Montgomery*, 63 N. Y. 221; *Westerfield* v. *Rogers*, 63 App. Div. 18; *Hynes* v. *Alexander*, 2 App. Div. 109; *Matter of Ullman*, 137 N. Y. 403; *Matter of Richmond*, 63 App. Div. 488.) The complaint as amplified by the reply shows that the

surrogate has already adjudicated against the plaintiff that the testator died a resident of this state, and it follows, therefore, that the plaintiff's claim is *res judicata.* (*De Meli* v. *De Meli,* 120 N. Y. 485; *Matter of Cleveland,* 28 Misc. Rep. 369; *Matter of Zerega,* 20 N. Y. Supp. 419; *Matter of Cruger,* 36 Misc. Rep. 477; *Matter of Seixas,* 73 Misc. Rep. 488; *Hislop* v. *Taaffe,* 141 App. Div. 40; *Routenberg* v. *Schwatzer,* 50 App. Div. 218; *Isham* v. *Gibbons,* 1 Bradf. 69; *Matter of Newcomb,* 192 N. Y. 238; *Bolton* v. *Schreiver,* 135 N. Y. 65.)

*Daniel W. Blumenthal* and *Max Corin* for respondent. The complaint alleges a good cause of action. The decedent's personal estate must be distributed according to the laws of the state of Florida. (*Chamberlain* v. *Chamberlain,* 43 N. Y. 424; *Despard* v. *Churchill,* 53 N. Y. 192; *Cross* v. *U. S. Trust Co.,* 131 N. Y. 330; *Matter of Braithwaite,* 19 Abb. [N. C.] 113; *Matter of Barndon,* 41 Misc. Rep. 380; *Parsons* v. *Lyman,* 20 N. Y. 103; *Matter of Witter's Estate,* 15 N. Y. Supp. 133; *Trimble* v. *Dzieduzyiki,* 57 How. Pr. 208.) The law of Florida will be enforced by the courts of this state. It is not contrary to public policy. (*Hollis* v. *D. F. Seminary,* 95 N. Y. 166; *Cross* v. *U. S. Trust Co.,* 131 N. Y. 343; *Staples* v. *Nott,* 128 N. Y. 403; *Matthews* v. *Dickinson,* 36 Misc. Rep. 187; *Simonson* v. *Waller,* 9 App. Div. 503.) The relief sought is the proper basis of an action. Plaintiff is not limited to presentation of a claim or an accounting. (*Bonati* v. *Welsch,* 24 N. Y. 157; *Clark* v. *Scovill,* 191 N. Y. 8.)

HOGAN, J. The complaint in substance alleges that one Max Flatauer and plaintiff intermarried in the state of Georgia in the year 1911; that plaintiff was the lawful wife of said Max Flatauer at the date of his death, which occurred on the 25th day of November, 1911; that there was no issue of the said marriage, and that the said Max

Flatauer was for a long time prior to his death domiciled in the state of Florida.

That on the 24th of August, 1912, a decree was made by the Surrogate's Court of the county of New York, admitting to probate as the last will and testament of the said Max Flatauer a certain instrument bearing date the 22d day of November, 1911, and thereafter letters testamentary were issued to the defendant Henrietta Loser as executrix; that said Henrietta Loser qualified as such executrix and is now acting as such; that the deceased failed to make any express provision for the plaintiff by will or otherwise; though at the time of his death he was possessed of personal property exceeding in value the sum of $15,000, which is in the sole possession and control of defendant.

That the deceased left no real property in the state of New York or in the state of Florida, and left no personal property physically in the state of Florida, but that all of the personal property of which he died possessed was physically in the state of New York.

The complaint sets forth provisions of the statutes of the state of Florida, which so far as material here provide in substance that if a husband shall make his last will and testament and fail to make any provision therein for his wife she shall be entitled to share in the personal estate, if there be no children, to the extent of one-half thereof, and such claim shall have preference over all others and the said share shall be free of all liability to the debts of the decedent. The complaint further alleges that the plaintiff executed an instrument in writing signifying her dissent to the provisions contained in the instrument probated and caused the same to be filed in the Circuit Court of the county where she resides, namely, the county of Duval in the state of Florida; that no dower in any lands or estate, real or personal, have been assigned to her; that the defendant resides without the state of Florida, and that the decedent was not at the

time of his death seized or possessed of any real property in the state of Florida to which she was entitled to dower or a child's part; that at no time since the death of decedent has there been or is there now any personal property physically in the state of Florida in which the plaintiff is entitled to dower or a child's part.

That plaintiff has demanded of defendant that she pay over to plaintiff a sum equivalent to one-half of the personal estate of said decedent, which defendant has failed and refused to do, and demands a money judgment for the sum of $7,500, with interest thereon. The action was commenced November 15th, 1912.

Defendant moved for judgment upon the pleadings, which motion was denied, and from the order made thereon defendant appealed to the Appellate Division. The latter court affirmed, by a divided court, the order of the Special Term.

That the surrogate of the county of New York determined that Flatauer at the time of his death was an inhabitant of that county; that he died possessed of certain personal property and left a last will and testament, which was there admitted to probate and letters testamentary thereon issued to defendant appears upon the face of the complaint. Such adjudication cannot be collaterally attacked in this action. (*Bolton* v. *Schriever*, 135 N. Y. 65.) The surrogate of New York county having jurisdiction in the premises was empowered by law to direct and control the conduct of the executrix; to enforce distribution of the estate and payment of debts; to administer justice in all matters relating to the affairs of the decedent, and upon the final accounting of the executrix to ascertain the title to any distributive share of the estate. (Code Civ. Pro. §§ 2472, 2473.)

The complaint is silent as to whether or not administration upon the estate of Flatauer has been granted in Florida, or whether or not there are creditors of Flatauer in the state of New York, or the amount of any indebt-

edness due from him to others at the time of his decease. Neither does it disclose reasons which would justify or render proper a court of concurrent jurisdiction with the Surrogate's Court taking cognizance thereof.

The action is sought to be maintained as one at law to recover a distributive share in the estate of the deceased, which interest plaintiff claims under the laws of the state of Florida. If maintainable, such action would of necessity deprive the Surrogate's Court of jurisdiction conferred upon it in a matter pending before that court to the extent of the relief demanded in the complaint and still continue in the Surrogate's Court jurisdiction of the remainder of the estate, finally resulting in two several adjudications by different courts as to the disposition of one estate.

The statutes of Florida set forth in the complaint are in conflict with the laws of this state in so far as they give to plaintiff one-half of the estate of her deceased husband irrespective of the rights of creditors in this state. The policy of this state has been, as a matter of judicial discretion, to remit the residue of an estate, after the payment of claims of creditors, to the domicile of the testator there to be distributed pursuant to the laws of such domicile. Such determination, however, involves an accounting by an executor and a decision by the surrogate that a proper case has been made for the exercise by him of such judicial discretion.

From the complaint it appears that the decree admitting the will to probate was made on the 14th day of August, 1912. This action was commenced on November 15th, 1912, as stated, to recover a distributive part of the estate of Flatauer, deceased. Under section 1819 of the Code of Civil Procedure, the right to maintain an action to recover the distributive share of an estate is limited to a period of time after the expiration of one year from the granting of letters testamentary. This action was brought three months after the granting of

letters testamentary, and was, therefore, prematurely commenced.

The orders of the Appellate Division and Special Term should be reversed, with costs, and the question certified answered in the negative.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, CHASE, COLLIN and MILLER, JJ., concur.

Orders reversed, etc.