Clark, J.
The essential question here to be determined is the foi’ce and effect of the proceedings in the surrogates court of the county and state of New York on March 9, 1898.
If such proceedings were in manner and form as provided by law, and the surrogates court acquired and had jurisdiction of the persons ‘having an interest in and the matters concerned with the will and estate of George H. Hopper, the controversy is concluded by the provisions of Section 1, Article IV of the Constitution of the United States, which requires that “Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state.”
It is, therefore, necessary to determine the jurisdiction of the surrogates court of New York. The surrogates courts were created by an act of the New York legislature passed March 16, 1778. The constitutions of New York have continued these courts, and Section 15, Article VI of the Constitution of *295 New York adopted in 1894, and since then in effect, reads, in part, as follows:
“The existing Surrogates’ Courts are continued, * # * Surrogates and Surrogates’ Courts shall have the jurisdiction and powers which the Surrogates and existing Surrogates ’ Courts now possess, until otherwise provided by the Legislature.”
At and prior to March 1, 1898, Section 2472, New York Code of Civil Procedure, provided as to the general jurisdiction of surrogates courts, in part, as follows: “Each surrogate must hold, * * # a court, which has * * * jurisdiction, as follows:
“1. To take the proof of wills; to admit wills to probate; to revoke the probate thereof,” etc.
“2. To grant and revoke letters testamentary and letters of administration,” etc.
“3. To direct and control the conduct, and settle the accounts, of executors, administrators, and testamentary trustees,” etc.
“4. To enforce the payment of debts and legacies; the distribution of estates of decedents,” etc.
“6. To administer justice, in all matters relating to the affairs of decedents,” etc.
Section 2473, New York Code of Civil Procedure, provided in part as follows:
“"Where the jurisdiction of a surrogate’s court to make * * * a decree or other determination, is drawn into question collaterally, and the necessary parties were duly cited or appeared, the jurisdiction is presumptively, and, in the absence of fraud or collusion, conclusively, established, by an allegation of the jurisdictional facts, contained in a written petition or answer, duly verified, used in the surrogates court,” etc.
*296 Section 2475, New York Code of Civil Procedure, provided in part as follows:
“Jurisdiction, once duly exercised over any matter, by a surrogate’s court, excludes the subsequent exercise of jurisdiction by another surrogate’s court over the same matter,” etc.
Section 2476, New York Code of Civil Procedure, provided in part as follows:
“The surrogate’s court of each county has jurisdiction, * * * to take the proof of a will, and to grant letters testamentary thereupon, or to grant letters of administration, * * *
“1. Where the decedent was, at the time of his death, a resident of that county, whether his death happened there or elsewhere.”
Section 2614, New York Code of Civil Procedure, provided in part:
“A person designated in a will as executor * * or any person interested in the estate * * * may present to the surrogate’s court having jurisdiction, a written petition, duly verified, describing the will, setting forth the facts, upon which the jurisdiction of the court to grant probate thereof depends,” etc.
Section 2615, New York Code of Civil Procedure, provided in part:
“The following persons must be cited upon a petition presented as prescribed in the last section: * * *
“3. If the will relates to both real and personal property the husband or wife, if any, and all the heirs, and all the next of kin of the testator.”
The record shows that the petition of Harriett A. Hopper, widow, and executrix named in the last will and testament of George H. Hopper, filed March 1, 1898, alleged in part that she was (a) “the executrix *297 named in the last will and testament of George H. Hopper, late of the county of New York, deceased,” (b) “that the deceased was, at the time of his death, a resident of the county of New York.”
The petition further alleged that the petitioner, Harriett A. Hopper, was the widow of George H. Hopper; that Charles H. Hopper, a son, Jennie M. Nicholas, a daughter, and Florence Lynneth Fitch, a daughter, were all of the heirs of George H. Hopper. The prayer was “that a citation issue to the above named persons to attend the probate thereof and that the said last will and testament may be proved as a will of real and personal property and that letters testamentary may be issued thereon to the executrix who may qualify thereunder.”
Thereafter waiver and entry of appearance was entered in that proceeding by all of the persons interested in the estate, as named in the petition therein, including the following, caption omitted:
“I, Charles H. Hopper, the undersigned,'an heir and next of kin of George H. Hopper, deceased, do hereby appear in person and waive the issue and service of a citation in the above entitled matter, and consent that said instrument, bearing date 29th day of December, 1896, be forthwith admitted to probate.
“(Signed) Chas. H. Hopper.”
This appearance, waiver and consent was witnessed and acknowledged in manner and form provided by law.
*298 All parties interested in the estate filed appearance, waiver and consent identical in substance and form.
Thereafter on the 9th day of March, 1898, the following order was entered, caption omitted:
“The citation herein having been duly issued and returned, the allegations of the parties appearing having been heard, and the proofs having been duly taken by the Surrogate, among other things as to the execution of said instrument bearing date December 29,1896, and the probate of the said will not having been contested, and it appearing to the Surrogate that the will was duly executed and that the testator at the time of executing it was in all respects competent to make a will, and not under restraint;
“It is ordered, adjudged and decreed that the instrument offered for probate herein be and the same hereby is admitted to probate as the last will and testament of the said deceased, valid to pass real'and personal property, and that Letters Testamentary be issued thereon to the executrix who may qualify thereunder.
‘ ‘ Frank T. Fitzgeralb,

“Surrogate.”

On the same date letters testamentary were issued by the surrogates court to Harriett A. Hopper, as executrix of the will, and thereupon Mrs. Hopper entered into discharge of her duties as such executrix.
On October 30, 1902, an exemplified copy of proceedings of the surrogates court, including authenticated copy of the will of George H. Hopper, was *299 filed in the probate court of Lake county, Ohio, under favor of Section 10535, General Code.
Under the settled law of New York a surrogates court in admitting a will to probate must decide whether the testator at the time of his death was a resident of the county in which the will is offered for probate. Such determination touches the jurisdictional fact, and decision thereupon cannot be attacked collaterally, except for fraud or deceit. O’Connor, Exr., v. Huggins, 113 N. Y., 511, and Bolton v. Schreiver, 135 N. Y., 65.
The same principle is established in Ohio. State, ex rel. Barbee, v. Allen, Probate Judge, 96 Ohio St., 10.
Charles H. Hopper was a party to the proceedings in the surrogates court of New York, and then and there consented to the probate of the will of George H. Hopper.
It is contended that consent can not confer jurisdiction over a subject-matter of which the court did not have jurisdiction.
A party who consents that a court shall enter judgment and accepts the benefits thereunder cannot be heard to object to the court’s power to render such judgment. This court so decided in Merritt v. Horne, 5 Ohio St., 307. Judge Ranney said, at page 318: “There is now no principle better settled, or resting upon firmer grounds of justice and public policy, than that which precludes a party who has induced another to part with his money or property, and has taken the fruits of a judicial proceeding [italics ours], from afterward questioning its regularity, or by evidence aliunde impairing its effect. # * * Although this doctrine debars the *300 truth iu the particular case, yet, as said by the Supreme Court of the United States in Van Rensselear v. Kearney, 11 How., 326, ‘it imposes silence on the party only when, in conscience and honesty, he should not be allowed to speak.’ And we are of the opinion that it is equally effectual at law and in chancery.”
Applying this sound and settled principle to the case at bar, we find that Charles H. Hopper was a party to the proceedings in the surrogates court of New York; that he admitted the jurisdictional fact necessary for that court to decide in admitting the will to probate, to-wit, that George H. Hopper was a resident of the county of New York, New York state, at the time of his death; that he accepted “the fruits of a judicial proceeding,” and that such fruits were different and greater than he would have received had the testator resided in Ohio, and the will been admitted to probate in Ohio, for he received valuable securities in large amount under the law as determined in New York, which, under the law of Ohio, would have been withheld from him and become part of the corpus of the estate.
Aside from the question of participation and ‘ ‘ the taking of the fruits,” it has been consistently held that where a court has jurisdiction to determine the fact, and the party is before the court, the party cannot afterwards in a collateral proceeding question the judgment, whether the facts before the court- warranted the judgment or not. Marin, Recr., v. Augedahl, 247 U. S., 142, 149; Willetts’ Appeal, 50 Conn., 330, and Hartford Life Ins. Co. v. Johnson, 268 Fed. Rep., 33.
*301 Section 1, Article IV of the Constitution of the United States, was not, as adopted, a self-executing mandate. It was provided, “and the Congress may by general laws prescribe the manner in which such Acts, Records and Proceedings shall he proved, and the Effect thereof.” Thereafter congress did so provide and declare.
Section 1266, Barnes Federal Code (Section 1519, U. S. Comp. Stat., Section 905, IT. S. R. S.), provided first for the authenticating of the acts of the legislature of any state, and the records and judicial proceedings of the courts of any state, and then declared “and the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken.”
If the finding of the surrogates court that George H. Hopper was a resident of the county and state of New York at the time of his death was binding upon the parties before the court in the proceeding to admit the will to probate, and binding upon the courts of New York, such finding is entitled to full faith and credit in the state of Ohio and was entitled to full faith and credit at the hearing upon the application to probate the will of George H. Hopper in Lake county.
We have determined that the finding of the surrogates court was conclusive upon all of the courts of the state of New York. (O’Connor v. Huggins, supra; Bolton v. Schreiver, supra, and Flatauer v. Loser, 211 N. Y., 15.) Conclusive in New York, the finding is conclusive in Ohio.
*302 The refusal of the Lake county probate court to admit as evidence, or to consider, the proceedings in the surrogates court, was error. Such proceedings admitted and considered, the probate court of Lake county would have been without jurisdiction or right to probate the George H. Hopper will upon the application of Charles H. Hopper.
It is claimed that Irma Hopper, plaintiff in error, was not a party to the proceedings in the surrogates court of New York, and is therefore not bound. Irma Hopper is the widow, administratrix and only heir-at-law of Charles H. Hopper. It nowhere appears that she has or could have any interest in the estate of George H. Hopper, except in the relation of administratrix or heir-at-law of Charles H. Hopper. As to the estate of George H. Hopper she stands squarely in the legal shoes of Charles. If she does not stand therein upon the record, she does not have any standing or connection with the George H. Hopper estate. Authority can rise no higher than its source. Charles H. Hopper having bound himself by his appearance and participation in the proceedings in the surrogates court, Irma Hopper is likewise bound.

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Jones and Matthias, JJ., concur.
Hough, J., dissents.