In the Matter of the Estate of FREDERICK BLEICHER, Deceased.

Surrogate's Court, New York County, December 16, 1931.

*Leon Bleecker* [*Samuel P. Shapiro* of counsel], for the contestants.

*E. Fichandler*, for the administratrix.

FOLEY, S.   (1) The principal question to be determined in this accounting proceeding involves the right of the widow of decedent to retain the sum of $500 allowed to her pursuant to the laws of the State of Pennsylvania, out of the assets of the decedent in that State.   The decedent was domiciled in this State.   He died a resident of the county of New York.   His widow, who resides in Brooklyn, N. Y., was awarded letters of administration by this court.   She also obtained ancillary letters of administration of the estate of the decedent in the State of Pennsylvania.   Under a decree of the Orphans' Court of Philadelphia, Penn., she paid to herself the sum of $500, allowed as her statutory exemption under the laws of Pennsylvania.   She also claims the sum of $150 as her widow's exemption in this State, under section 200 of the Surrogate's Court Act.   It is claimed by the objectants that the widow is not entitled to the statutory allowance out of the assets administered in the State of Pennsylvania.   They contend that such administration was merely ancillary; that the distribution of the decedent's

personal property is governed by the law of his domicile at the time of his death, and that the statutory exemption to the widow must, therefore, be allowed under the laws of our State and not under the laws of the State of Pennsylvania. Such contentions seem to be correct. While there appears to be no reported decision on this subject in this State, the rule that prevails in some of the other States is, as stated in Wharton on the Conflict of Laws (Vol. 2 [3d ed.], chap. IX, § 571, p. 1288), that the " law of the decedent's last domicil, rather than the law of the state where personal assets of the estate are found, generally determines the widow's right to an allowance out of such assets, at least if she was a non-resident of the latter state at the time of her husband's death." (*Mitchell* v. *Word*, 64 Ga. 208; *Shannon* v. *White*, 109 Mass. 146; *Smith* v. *Howard*, 86 Me. 203; *Simpson* v. *Cureton*, 97 N. C. 112.) These authorities appear to have followed the well-recognized principle of law that the succession and distribution of personal property is governed by the law of the domicile of a decedent at the time of his death, unless such law contravenes some rule of public policy. (*Matter of Hughes*, 95 N. Y. 55; *Cross* v. *United States Trust Co.*, 131 id. 330; *Dammert* v. *Osborn*, 140 id. 30.) It is contended on behalf of the widow that under the language of the Pennsylvania statute (Section 12 of the Fiduciaries Act of 1917) it is immaterial whether a decedent died within the Commonwealth or outside of it; if his estate is there settled, his widow is entitled to an allowance. The section reads as follows: " The widow, if any, or if there be no widow, or if she has forfeited her rights, then the children forming part of the family of any decedent dying, testate or intestate, within this Commonwealth, or dying outside of this Commonwealth, but whose estate is settled in this Commonwealth, may retain or claim either real or personal property or the proceeds of either real or personal property, belonging to said estate, to the value of five hundred dollars; and the property so retained or claimed shall not be sold, but suffered to remain for the use of the widow or children."

That statute must be held to apply to estates finally settled in that jurisdiction of decedents there domiciled and not to ancillary estates whose assets must be transmitted to the domiciliary forum. As pointed out in my decision in *Matter of Van Zandt* (142 Misc. 663), " the forum of domiciliary administration is the forum in which the final account is to be cast. There the policy of assuring equality among all the creditors (within their respective classes) must be enforced. There the rights of the creditors and the distributees are to be finally adjudicated. The domiciliary forum, although treating the allowance of the accounts in the ancillary

jurisdiction as, for the most part, conclusive of items there so returned, ' sometimes reviews independently fundamental questions involving fraud and error in such ancillary administration, and affecting the distribution of the estate ' (Schouler, Wills, Extr. Adm. [6th ed.], pp. 2831, 2832)." It may be that where Pennsylvania has obtained conclusive jurisdiction of an estate of a decedent domiciled elsewhere, and final settlement of his estate is made in the courts of that State, a widow may become entitled to an allowance under its statutes. However, the decedent having been domiciled here, and his estate finally administered in this forum, the widow becomes entitled to an exemption under the laws of this State and none other. A different doctrine applies with respect to real property. The law of the State in which the land is situated governs its disposition, whether by deed, descent or any other mode. (*Matter of Van Zandt*, 142 Misc. 663.) The widow will, therefore, be required to turn back into the estate of the decedent such sum of $500 deducted by her from the Pennsylvania assets. She will be allowed, however, a credit of $150 as her statutory exemption under the laws of this State. (Surr. Ct. Act, § 200.)

(2) The personal claim of the administratrix in the sum of $1,309.29 is supported by the proof submitted and will be allowed.

(3) The objection to the amount paid for funeral expenses is overruled.

(4) In accordance with her consent, the widow will be surcharged with the sum of $100 overpaid to her for commissions as ancillary administratrix in the State of Pennsylvania.

Submit decree on notice settling the account accordingly.