In the Matter of the Estate of ARTHUR J. SLADE, Deceased.

Surrogate's Court, New York County, January 11, 1935.

*John V. Irwin*, for the executors.

*Lemuel Bolles*, for the Paris Post Auxiliary, Department of France.

*Henry D. Valentine*, for John Purroy Mitchel Post No. 208, American Legion.

*George A. Minasian*, for Constance Clark Gwynne, legatee, and Marjorie M. Clark, as general guardian of Frederick D. Clark and another, infants.

*Robert T. Wood*, for Howard Greenley, general guardian of Bettina Greenley, infant.

*Haff & Farrington*, for Frederic W. Becker, general guardian of Frederic Anderson Becker, infant.

*Reynolds, Goodwin & Wilson*, for the Association of ex-Members of Squadron A, Inc.

FOLEY, S. In this executors' accounting a question is presented as to the validity of the exercise of the right of election made by the widow pursuant to section 18 of the Decedent Estate Law. A proceeding for the original probate of the will was initiated in this court. The petition recited that the testator was a non-resident of the State of New York and resided at the time of his death in Paris, France. The greater part of the estate consisted of personalty located at the time of death in New York county. The testator left a single parcel of real estate in New York of relatively small value which he specifically devised to a charitable corporation. He left no children, and if the widow was authorized to elect under the law she would have become entitled to one-half of the estate. The disparity between her benefits under the will and the amount of one-half of the net estate is relatively small, but the payment to her of the difference between such benefits and her statutory share would diminish the interest of other legatees and particularly those of certain infants named as beneficiaries in the will.

I specifically hold that as to the personalty left by a decedent not domiciled in this State at the time of death, there exists no right of election available to his widow. The attempted exercise of such a right in this estate is futile and unauthorized by the statute and must be disregarded. It is an elementary principle of the law of estates that the validity of the disposition by will of personal property is governed by the law of the State of domicile of the testator. The succession to intestate personal property is subject to the same rule. (Dec. Est. Law, § 47; *Parsons* v. *Lyman*, 20 N. Y. 103; *Moultrie* v. *Hunt*, 23 id. 394; *Dupuy* v. *Wurtz*, 53 id. 556; *Matter of Hughes*, 95 id. 55; *Cross* v. *United States Trust Co.*, 131 id. 330; *Dammert* v. *Osborn*, 140 id. 30; *Matter of Bleicher*, 142 Misc. 549.) " The law of the testator's domicil controls, as to the formal requisites essential to the validity of the will as a means of transmitting property, the capacity of the testator and the construction of the instrument. * * * Personal property has no locality, and therefore the law of the domicil of the owner governs its transmission, either by last will and testament or by succession in case of intestacy." (*Chamberlain* v. *Chamberlain*, 43 N. Y. 424, 432.)

As to real property, the validity and effect of a testamentary disposition and the manner in which the property descends are regulated and governed by the law of the State of the *situs* of the realty.

The terms of section 47 of our Decedent Estate Law set forth these rules. A special provision of that section enables a resident of another State or foreign country to subject his will or its validity and effect to the laws of this State.

The limitations of section 18 of the Decedent Estate Law upon the testamentary right to bequeath and the privilege given by its terms to a surviving spouse, in so far as they apply to personal property, are, therefore, confined to the wills and estates of residents of this State. The new right of election to take against the will is not available to a surviving spouse of a non-resident maker of a will.

Upon the argument of the issues before me, claim was made by counsel for the executors that the decedent may have been a resident of New York and not of the Republic of France. The widow was not directly represented, nor has she in any formal paper filed in the accounting proceeding asserted that her husband was not a resident of France. In so far as this contention is made by the executors, it is clear that it is without foundation since they are concluded and estopped by their own petition for probate in which the testator was stated to be a non-resident and by the decree admitting the will to probate upon that petition. (*Flatauer* v. *Loser*, 211 N. Y. 15.) In addition to the verified representations in the probate proceeding, they unequivocally stated in the estate tax proceeding that the decedent was a resident of France and not of the State of New York. Supporting evidence of the domicile of the decedent was also supplied by them and upon their representations the succession of the property was exempted from the estate tax in this State by the formal order of the surrogate. The widow likewise is estopped in the present situation from questioning the determination in the probate proceeding that her husband was a non-resident of this State. She executed and filed the usual waiver and consent to the admission of the will to probate. It was within her power to have litigated the issue of domicile in the probate proceeding (*Matter of Connell*, 221 N. Y. 190, 196), or upon presentation of proper extenuating circumstances (Surr. Ct. Act, § 20, subd. 6) to have moved directly to vacate the decree in probate for the purpose of reopening and having determined the actual domicile of the testator. (*Flatauer* v. *Loser, supra.*) She sought neither of these remedies, in all probability, because her husband was not a resident of this State and proofs to sustain a contrary

finding must necessarily have been lacking. In *Matter of Bleicher* (142 Misc. 549) the question arose as to the right of the widow of a decedent, who was domiciled in New York, to obtain the payment and delivery of exempt property under the statute of Pennsylvania out of property left by the decedent in the latter State. I held that the widow was entitled only to her statutory exemptions under the law of New York, the State of domicile. In the decision there was cited the rule stated in Wharton on the Conflict of Laws ([3d ed.] vol. 2, chap. IX, § 571, p. 1288) that the " law of the decedent's last domicil, rather than the law of the state where personal assets of the estate are found, generally determines the widow's right to an allowance out of such assets."

A further question might have arisen in the pending proceeding as to the right of the widow to elect to take her statutory share out of the real property left by her husband in New York State. Determination of that question has become unnecessary because of the statement of counsel for the executors that the widow did not care to question the devise of her husband of the property to the Stuyvesant Square Hospital, a charitable corporation, and seeks no interest in any part of such real estate. Under the law of New York the surviving spouse may have certain rights in real property located in this State. Thus the dower right of a widow of a non-resident has been frequently recognized and effectuated under the provisions of law applicable in our State, unaffected by the laws of the deceased owner's domicile. (*Roessle* v. *Roessle*, 163 App. Div. 344; *White* v. *Howard*, 46 N. Y. 144.) The protection of section 17 of the Decedent Estate Law in its prohibition against the devise or bequest of more than one-half of an estate to charity where there are certain near relatives has been recognized and enforced by the Court of Appeals in *Decker* v. *Vreeland* (220 N. Y. 326) for the benefit of the heirs of a non-resident in real property owned by him in this State.

The determination of the application of section 18 of the Decedent Estate Law to the real property of a non-resident and the rights of the surviving spouse, if any, must necessarily await the presentation of an actual case presenting the specific problem.

Distribution of the estate is, therefore, directed to be made in accordance with the provisions of the will and entirely regardless of the attempted exercise of the right of election by the widow, which I hold to be void.

Decree settling the account signed.