William J. Regan, S.
Patrick J. Mulhern died in the Town of Clarence, County of Erie, on August 20, 1965. He was bom in Canada, became an American citizen and spent considerable time both in Canada and in the United States. He has real property in Canada. Shortly after his marriage he separated from his wife who now lives in Scotland.
In chronological order the Erie County Surrogate’s Court file shows:
1. Decedent’s will was dated July 1, 1965 and states: “I, Patrick J. Mulhern, residing at 4520 Ransom Road, Clarence, New York”. This will was evidently prepared by one of the attorneys for the petitioner who also acted as one of the subscribing witnesses.
2. Petition for probate dated September 28, 1965 states: “ That Patrick J. Mulhern, late of the Town of Clarence in said County of Erie died in said Town of Clarence on or about the 20th day of August, 1965 and that said decedent was at the time of his death a resident of said County of Erie.” All the papers in connection with the probate proceeding, including citation, order of publication and the publications themselves stated that decedent was a resident of the County of Erie.
3. The decree of this court dated November 16, 1965, which admitted this will to probate, stated that Patrick J. Mulhern was “ late of the Town of Clarence in said County of Erie
4. In January, 1966 letters of administration with the will annexed in the estate of Patrick J. Mulhern were granted in Welland, Ontario, in which it was stated, “ Patrick Joseph Mulhern, late of 4020 Ransom Road in the Town of Clarence in the County of Erie in the State of New York * * * and the deceased at the time of his death had no fixed place of abode in Ontario, but had at such time property in the County of Welland, aforesaid.” The letters issued in the Province of Ontario on the 17th of February, 1966 states: “Be it known that Patrick J. Mulhern, late of the Town of Clarence in the County of Erie and State of New York, retired lineman, deceased, who died on or about the 20th day of August A.D. 1965 in the said Town of Clarence and who, at the time of his death had a fixed place of abode in the said Town of Clarence ”.
For purposes of all of the above proceedings this court believes that the term residence was synonymous with domicile. The Surrogate’s Court Act so used these terms. (Matter of Esser, 38 Misc 2d 963; Matter of Katz, 135 Misc. 861.) The revisers ’ notes in the SCPA relating to the definition of domiciliary states: “ Since the term ‘ resident ’ is susceptible of two *994 meanings, it is considered advisable to use the terms ‘ domicile ’ and ‘ domiciliary ’ when they are intended.” (Revisers’ Notes, § 103, subd. 16.) Section 206 of the SOPA, which replaces section 45 of the Surrogate’s Court Act regarding jurisdiction of the Surrogate’s Court, uses the word domiciliary.
The petitioner selecting this forum under section 45 of the Surrogate’s Court Act evidently relied on subdivision 1 thereof which gives exclusive jurisdiction to this county by reason of the fact the decedent died a resident herein. True, it is possible for a nonresident decedent (domiciliary) to have the estate administered in this county provided he left property within this county. Had the petitioner relied upon this subdivision relating to jurisdiction he would have been obliged to so specifically state and this court would have taken jurisdiction on that ground. However, the facts of residency (domicile) were alleged in all the pleadings and papers in connection with this probate proceeding and even thereafter and went unchallenged by all necessary parties. Although no contest was raised at the outset nor was a question of domicile presented, yet this court relied upon the fact of residence for jurisdictional purposes. This court’s decree in the probate proceeding presumptively established the court’s jurisdiction. (Surrogate’s Ct. Act, §§ 43, 80; Matter of Connally, 34 Misc 2d 132; Bolton v. Schriever, 135 N. Y. 65.)
On April 11, 1966 the widow herein duly filed a notice of election. In a letter from one of the petitioner’s attorneys dated August 2, 1966 it was stated “ that the executor elects to reject the widow’s claim and refuses to recognize her claimed right of election.” No grounds for such rejection were mentioned but now it appears that petitioner’s basis is the fact that decedent was a nondomiciliary, among others. On November 16, 1966 on behalf of the widow a petition was brought praying for the determination of the validity and effect of her right of election under section 145-a of the Surrogate’s Court Act. This is the proceeding which is presently before this court.
Although there may be other questions raised as defenses to the election at this time, the court is rendering its decision only with relation to.the domicile issue. From all the foregoing facts and circumstances this court believes that the executor is estopped from disputing the domicile of the testator as being in Erie County, State of New York, and that therefore the questions raised by the widow’s right of election will be decided in this court.
If a further hearing is necessary upon any other matters herein, arrangements should be made therefor.