Bruce G. Dean, J.
Mary Abigail O’Daniels died on February 12,1971, at Oak Hill Manor, a nursing home, in Ithaca, Tompkins County, New York. The will of said decedent was probated in this court on March 12,1971, on petition of Liston F. Coon, who was named executor in the will. The petition for probate, dated March 2, 1971, contained an allegation of the jurisdictional fact that decedent died domiciled in Tompkins County, New York. It named, among others, the Schuyler Hospital, Inc., of Montour Falls, as a legatee in the sum of $1,000. Waivers and consents on probate were filed, which included the waiver of Elizabeth C, Laughlin, who was designated in the petition as the sole distributee of decedent.
Application has been made to this court to vacate the probate on the ground that decedent was domiciled in the County of Schuyler at the time of her death and that the Surrogate’s Court of Tompkins County did not have jurisdiction over the estate of Mary Abigail O’Daniels. Objections had been filed on March 15, 1971, after probate, which objections were submitted, signed and verified by Henry Valent, Esq., as attorney for Schuyler Hospital, Inc. Thereafter, a formal order to show cause, dated March 22, 1971, was obtained and served, directing Liston F. Coon, as executor, to show cause before this court on April 13, 1971, why the decree of probate of March 12, 1971, should not be vacated. On April 6, 1971, a cross application was served by Liston F. Coon, as executor, on the Schuyler Hospital, Inc. and its attorneys, and Henry Valent, Esq., as counsel, to dismiss the objections and the motion to vacate probate.
The motions were argued before the undersigned on April 13, 1971. It appears that the legacy of $1,000 had been paid to the hospital at the time of argument. Diverse arguments have been presented by both parties. Attorney Valent submits to the court that, pursuant to SCPA 206 the court did not have jurisdiction in that decedent was domiciled in Schuyler County at her death, and that the long lifetime history of decedent, as a resident and highly respected citizen and teacher in the County of Schuyler, required probate of her will in Schuyler County. Liston F. Coon, as executor, and his attorneys, have questioned the authority of Henry Valent, Esq. to bring this proceeding in behalf of the Schuyler Hospital, Inc., claiming that there has been no official action of the hospital which authorized this application to vacate the probate of the will of decedent, Mary Abigail O’Daniels.
*573 This court does not deem it necessary to consider the question of authority of Henry Valent, Esq. to bring this proceeding in behalf of the hospital for the reason that the Schuyler County Hospital, Inc. is a legatee only and has no standing to attack the probate of the will. As a legatee, the hospital was not a necessary or proper party to the probate proceeding, and this fact, alone, would seem to be the simple answer to the question of standing to raise any issue relating, directly or indirectly, to probate. (SCPA 1403, 1410.) If the hospital had no standing in the proceeding before probate, it is difficult to see how it can have any standing after probate, and there is authority to that effect. (Matter of Heidinger, 241 App. Div. 733, 734.) Matter of Fischer (30 Misc 2d 1050) is cited by the hospital as authority for standing of a legatee to contest the jurisdiction of the court on the issue of domicile. The court in the Fischer case cites Matter of Martine (11 Abb. N. C. 50) and states that “Jessup-Redfield, Surrogates’ Law and Practice, seems to go along with the same contention ”. In a proceeding to set aside a decree of probate of a will, alleged as forged, Surrogate Wingate held that a legatee had no standing on the application. (Matter of Hill, 157 Misc. 487, 490.)
Overwhelming case authority in New York has consistently held that the validity of the probate of a will can be contested only by those who profit by its rejection and who have a practical interest in the estate. (Matter of Vance, 263 App. Div. 840; Matter of Ogden, 11 Misc 2d 1010; Matter of Haddock, 22 Misc 2d 694, to mention a few.)
In the instant case, no possible prejudice is shown with respect to any interest of the Schuyler Hospital under the probate of the will of the decedent in the County of Tompkins. (Matter of Stanley, 7 A D 2d 810.)
As the hospital has no standing, the question of jurisdiction is drawn in collaterally. In the absence of fraud or collusion, jurisdiction is conclusively established by the allegation of the jurisdictional fact of domicile in Tompkins County in the petition for probate. (SCPA 204; Bolton v. Schriever, 135 N. Y. 65; Matter of Mulhern, 54 Misc 2d 992, revd. on other grounds 31 A D 2d 317; Matter of Gonnally, 34 Misc 2d 132.)
The commentary under SCPA 204 and 206 apparently takes the view, and attorneys for the hospital also argued, that SCPA 206 has upset the conclusiveness of a decree of probate as was held in Bolton v. Schriever and Matter of Connally (supra). The court does not agree with this position for in fact, SCPA 206 did not overrule section 45 of the former Surrogate’s Court Act, from which it was derived. Judicial expression interpreted *574 “residence” to mean “domicile”. (Matter of Daggett, 255 N. Y. 243.) Bolton v. Schriever has not been overruled by SCPA 206.
Status or standing is a preliminary issue to be resolved as a condition precedent to the issues presented by objections. (Matter of Chadwell, 55 Misc 2d 1033.) As the Schuyler Hospital, Inc. has no standing to attack the probate of the will of Mary Abigail O ’Daniels, and under such circumstances its attack is collateral, its motion to vacate the decree of probate in Tompkins County is hereby denied and the application is dismissed.
This court finds no objection to Liston F. Coon, who is Surrogate of Schuyler County, serving as executor in the administration of the estate of Mary Abigail 0 ’Daniels in Tompkins County. It does not constitute the practice of law within the prohibition of section 16 of the Judiciary Law.