OPINION OF THE COURT
Millard L. Midonick, J.
All interested parties have stipulated and agreed that this proceeding, pursuant to section 511 of the Not-For-Profit Corporation Law, for approval of the sale of all of the corporate shares of stock owned by the Gilman Foundation, Inc. (Foundation), shall be commenced in this court, and that this court shall determine and adjudicate its jurisdiction over the proceeding and shall join all interested parties therein. It was further stipulated and agreed by all interested parties and persons that evidence of private appraisal values of the said shares of stock that said Foundation owns may be received as evidence, if the court *750 so approves, on written proof identified as such on behalf of the Attorney-General of the State of New York, without the necessity of identification by any appraiser under oath in court. Hearing in such proceeding was waived by all who signed that stipulation.
The said stipulation was actually executed by all interested persons on May 22,1981, and the cross petition of the Attorney-General for this court’s approval has been received and was entertained on May 26, 1981. Attached to this cross petition and made part thereof on behalf of the Attorney-General of the State of New York, are Exhibits C and D which consist of two lengthy appraisals, each independently made, consisting of valuation reports of the fair market value as of December 31, 1980 of all of said shares of stock owned by the said Foundation.
The appraisers are Duff and Phelps, Inc., of Chicago, Illinois, and Standard Research Consultants of New York City. There is no indication of any change of value currently.
Pursuant to said stipulation, the court has and hereby does entertain the said cross petition of the Attorney-General. As to whether the court has jurisdiction over the subject matter of the said cross petition of the Attorney-General, it should be noted first that section 12 of the article VI of the Constitution of the State of New York provides that
“d. The surrogate’s court shall have jurisdiction over all actions and proceedings relating to the affairs of decedents * * * administration of estates and actions and proceedings arising thereunder or pertaining thereto * * * and such other actions and proceedings, not within the exclusive jurisdiction of the supreme court, as may be provided by law.
“e. The surrogate’s court shall exercise such equity jurisdiction as may be provided by law.”
SCPA 209 (subd 10) provides “[i]n the exercise of its jurisdiction, the court shall have all of the powers that the supreme court would have in like actions and proceedings including, but not limited to, such incidental powers as are necessary to carry into effect all powers expressly conferred herein.”
*751 Under the New York State Constitution, the only exclusive jurisdiction conferred upon the Supreme Court of the State of New York is that found in section 7 of article VI thereof where it is provided that the Supreme Court “shall have exclusive jurisdiction over crimes prosecuted by indictment”. Section 511 (subd [d]) of the Not-For-Profit Corporation Law provides the Supreme Court or the County Court with nonexclusive jurisdiction to “authorize the sale, lease, exchange or other disposition of all or substantially all the assets of the [charitable] corporation”.
The Attorney-General in his cross petition has alleged that the “relief requested in this cross-petition is sought from the Surrogate’s Court because it is a matter relating to the estate and affairs of Charles Gilman, deceased *** The assets which the Foundation proposes to sell are derived almost entirely from a disposition under the will of Charles Gilman. In addition, the main petition before this court [Exhibit A] seeks relief which would completely divest the Foundation of the very assets it proposes to sell. The proposed sale is a major component of a settlement which will dispose of all issues raised in the petition and the Guardian’s cross-petition.”
After due deliberation this court hereby determines and adjudicates that it has jurisdiction over the said instant proceeding under the cross petition of the Attorney-General as part of the entire proceedings herein, and by the stipulation, all interested persons may be and are hereby joined in this proceeding, all having executed the stipulation.
The power of a court to pass upon the existence of its own jurisdiction, even over the subject matter, is well settled. The doctrine controlling in such circumstances is stated in Stoll v Gottlieb (305 US 165). The Supreme Court held that a litigated decision of a court on such an issue cannot be collaterally set aside in another proceeding since the doctrine of res judicata protects the original court’s adjudication of its subject matter jurisdiction. The same principle of jurisprudence has been announced by the Court of Appeals of the State of New York. (O’Connor v Huggins, 113 NY 511 [proof and determination of jurisdictional facts]; accord, Bolton v Schriever, 135 NY 65; Flatauer v Loser, 211 *752 NY 15; Van Gaasbeek v Staples, 85 App Div 271, affd 177 NY 524.) Even on issues of law the jurisdiction of the Surrogate’s Court over the subject matter may be conclusively determined in its own proceeding. (SCPA 204; Stolz v New York Cent. R. R. Co., 7 NY2d 269.)
The court also by virtue of the said stipulation hereby receives as evidence valuation Exhibits C and D appended to the Attorney-General’s cross petition which explore and indicate in great detail the value of the shares of stock being sold by the Gilman Foundation, Inc. After due deliberation, the court further finds and determines and adjudicates that the terms of the sale of the shares of stock owned by the said Foundation, for the price and on the terms set forth in the stipulation of all interested persons dated May 22, 1981, are fair and equitable and the sale is hereby approved by the court. Not only do all of the adult persons involved consent to such sale under said terms, but the Foundation itself so consents as does the Attorney-General of the State of New York in behalf of the ultimate charitable beneficiaries, and as does the guardian ad litem for the infants who are interested. In its approval hereby given, the court further authorizes all of the interested persons, expressly including the guardian ad litem of the infants, to consummate said sale under the terms so stipulated. In approving the consummation of the sale, and in accordance with section 511 of the Not-For-Profit Corporation Law, the court further approves of the disposition to be made of the payment or payments from such sale, which is also detailed in the said stipulation of the interested persons. This decision, in approving and effectuating the said stipulation of settlement executed on May 22, 1981, by all interested persons, hereby disposes of all issues whether by petition or cross petitions raised in this proceeding.