(156 App. Div. 591.)

### FLATAUER v. LOSER.

(Supreme Court, Appellate Division, First Department. May 16, 1913.)

1. PLEADING (§ 350*)—MOTION FOR JUDGMENT ON THE PLEADINGS—ADMISSIONS.

On defendant's motion for judgment on the pleadings, the essential facts alleged in the complaint must be taken as true.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.*]

2. DOMICILE (§ 2*)—WILLS (§ 423*)—PROBATE—CONCLUSIVENESS—"DOMICILE" —"RESIDENCE."

"Domicile" and "residence" are not identical terms. "Residence" means living in a particular locality, and simply requires bodily presence in a given place; but "domicile" means living in that locality with intent to make it a fixed and permanent home, requiring bodily presence there and also an intent to make it a domicile; and if the decree of the surrogate admitting a will to probate under Code Civ. Proc. § 2476, conferring jurisdiction therein, established the fact of residence in the state, it did not determine the fact of domicile.

[Ed. Note.—For other cases, see Domicile, Cent. Dig. § 2; Dec. Dig. § 2;* Wills, Cent. Dig. §§ 911–913; Dec. Dig. § 423.*

For other definitions, see Words and Phrases, vol. 3, pp. 2168–2179; vol. 8, pp. 7641, 7642; vol. 7, pp. 6151–6161; vol. 8, p. 7788.]

3. WILLS (§ 2*)—DESCENT AND DISTRIBUTION (§ 5*)—DISPOSITION OF PERSONALTY—WHAT LAW GOVERNS.

Personal property has no locality, but is subject to the law of the owner's domicile as to its transmission by last will and testament and by succession upon the owner's death intestate, except that the courts of a state will not enforce a disposition of personal property contrary to its own public policy.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2; Dec. Dig. § 2;* Descent and Distribution, Cent. Dig. §§ 19–22; Dec. Dig. § 5.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. EXECUTORS AND ADMINISTRATORS (§ 438*)—ACTION—PARTIES—LEGATEES.

In a widow's action against the executrix of her deceased husband, claiming to be entitled to certain personal property by operation of law and not under the will, the legatees, who were interested only in so much of the estate as passed by the will and who were represented by the executrix, were not necessary parties.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1765–1785, 1790; Dec. Dig. § 438.*]

Ingraham, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Addie P. Flatauer against Henrietta Loser, individually and as executrix of the last will and testament of Max Flatauer, deceased. From an order denying her motion for judgment upon the pleadings, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Louis Lowenstein, of New York City, for appellant.
Daniel W. Blumenthal, of New York City, for respondent.

SCOTT, J. The plaintiff is the widow of Max Flatauer, deceased, who died in the city of New York on November 25, 1911, leaving a last will and testament which was admitted to probate in the Surrogate's Court of the county of New York, and letters testamentary thereon were issued to the defendant, who in that capacity has received and now holds personal property of said decedent, said to be of the value of $15,000.

The plaintiff's claim is that, although Max Flatauer resided in the county and state of New York at the time of his death, and all the personal property which he possessed was within this state at the time, yet that he was domiciled in the state of Florida, that the disposition of his personal estate is controlled by the law of that state, and that under that law she is entitled to one-half of said estate absolutely.

The complaint sets forth at length certain statutes of the state of Florida which provide in effect that, if a person shall make a will containing no express provision for his wife by giving her such part of his real and personal estate as is satisfactory to her, she may file a dissent in the circuit or county judge's court and shall then be entitled (there being, as in this case, no real estate and no children) to one-half of the personal estate free from all liability for the debts of the deceased.

The plaintiff brings herself within the terms of this statute by alleging that in the will left by her husband no provision whatever was made for her, and that she duly filed the prescribed dissent. She also shows that the decedent left no real estate, and that all of his personal property at the time of his decease was without the state of Florida, as are and were all persons interested in said estate.

[1] Briefly stated, therefore, the essential facts alleged, which for the purposes of this motion must be taken as true, are that Max Flatauer, the husband of plaintiff, was at the time of his death domiciled

in Florida, but a resident of New York, and left only personal property, all of which, at the time of his death, was physically situated in the state of New York. Upon these facts the plaintiff claims that the disposition of the personal estate, so far as she is concerned, must be governed by the laws of Florida, the place of decedent's domicile.

The answer, besides the formal denials designed to put plaintiff to proof, pleads: First, the probate proceedings before the Surrogate's Court, to which plaintiff was a party, and in which the surrogate determined that Max Flatauer at the time of his death was a resident of the state of New York, from which defendant argues that the question of said Flatauer's domicile was res adjudicata; second, that since said Flatauer died in this state, and all of his personal property was here when he died, the law of Florida has no application; third, that there is a defect of parties, in that all the legatees named in the will of said Flatauer should be made parties to the action.

[2] Section 2476, Code of Civil Procedure, confers jurisdiction upon a Surrogate's Court to take proof of a will and grant letters testamentary, either where the deceased at the time of his death was a resident of the county, or where, not being a resident of the state, he left personal property within the state. The surrogate's findings of fact in the proceeding for the probate of Flatauer's will find that both of these jurisdictional requisites existed; that is, that Flatauer at the time of his death was a resident of the county of New York, and that he left personal property within that county. As either of these findings alone would have been sufficient to confer jurisdiction, it is urged on behalf of the plaintiff that the decree is not res adjudicata of either fact. However that may be, and even if it be assumed that the decree of the Surrogate's Court conclusively established the fact of Flatauer's *residence* at the time of his death, it did not determine the *question* of his *domicile;* for, although the two words are often used as if synonymous, there is in fact a marked distinction between them. As was recently said by the Court of Appeals:

."As domicile and residence are usually in the same place, they are frequently used, even in our statutes, as if they had the same meaning; but they are not identical terms, for a person may have two places of residence, as in the city and country, but only one domicile. Residence means living in a particular locality; but domicile means living in that locality with intent to make it a fixed and permanent home. Residence simply requires bodily presence as an inhabitant in a given place; while domicile requires bodily presence in that place, and also an intention to make it one's domicile. The existing domicile, whether of origin or selection, continues until a new one is acquired, and the burden of proof rests upon the party who alleges a change. * * * Mere change of residence, although continued for a long time, does not effect a change of domicile; while a change of residence, even for a short time, with the intention in good faith to change the domicile, has that effect." Matter of Newcomb, 192 N. Y. 238, 250, 84 N. E. 950, 954.

Following this well-established rule, this court has recently decided that a testator had retained his domicile in the city of New York under the facts proven as to his intention, notwithstanding he had for many years resided in Paris, France. United States Trust Company v. Hart, 150 App. Div. 413, 135 N. Y. Supp. 81, quoting from DeMeli v. DeMeli, 180 N. Y. 485, 24 N. E. 996, 17 Am. St. Rep. 652, the

statement that domicile may exist without actual residence, but never without intention.

Mere residence, whether domiciliary or otherwise, was sufficient to invest the Surrogate's Court with jurisdiction to admit Flatauer's will to probate, and to issue letters testamentary thereon; and its decree, therefore, was conclusive, at most, only upon the question of residence, and not upon the question of domicile.

[3] Assuming, therefore, as we must for the purposes of this appeal, that the plaintiff will be able to establish her contention that her husband was, at the time of his death, domiciled in Florida, it is clear that the laws of that state control the disposition of his personal estate, wherever it may happen to have been physically located at the time of his death. The general and universal rule, at least so far as this state is concerned, is that personal property has no locality, but is subject to the law of the owner's domicile, as well in respect to a disposition of it by an act inter vivos as to its transmission by last will and testament, and by succession upon the owner dying intestate. This was the rule as stated in Parsons v. Lyman, 20 N. Y. 112, and it has been frequently cited and reaffirmed since. Chamberlain v. Chamberlain, 43 N. Y. 424; Despard v. Churchill, 53 N. Y. 192; Cross v. U. S. Trust Co., 131 N. Y. 346, 30 N. E. 125, 15 L. R. A. 606, 27 Am. St. Rep. 597; Matter of Braithwaite, 19 Abb. N. C. 113; Matter of Barandon, 41 Misc. Rep. 380, 84 N. Y. Supp. 937.

The sole exception that our courts will not enforce a disposition of property contrary to the public policy of this state has, of course, no application here. The authorities upon which the defendant relies are not in point, if it be assumed, as upon this application it must be, that the decedent was domiciled in Florida at the time of his death; for in that case, the legal situs of his personal property was attached to his domicile.

[4] We do not consider that it was necessary to make the legatees named in Flatauer's will parties defendant. The plaintiff's claim is that she is entitled by operation of law, and not under the will, to certain personal property which is admittedly in the hands of the defendant. The legatees are interested only in so much of the estate as passed by the will, and upon the question as to what fell under the provisions of the will they are represented by the executrix. If in the course of the litigation it should be found that a complete determination cannot be had without the presence of the legatees, the court has ample power to bring them in. It is not apparent, however, how such a contingency is likely to arise.

The order appealed from must be affirmed, with $10 costs and disbursements.

CLARKE, DOWLING, and HOTCHKISS, JJ., concur.

INGRAHAM, P. J. (dissenting). The plaintiff brings this action in the Supreme Court, claiming to be entitled to a moiety of the decedent's estate in consequence of the provisions of the laws of Florida; the complaint alleging that the testator was domiciled in that state at the time of his death. I do not think the complaint alleges a cause of

action, as the question as to those entitled to a portion of the estate of the testator, whose will has been admitted to probate in this state, is a question to be determined upon the administration of the estate, and over such administration the Surrogate's Court has jurisdiction. If the testator was domiciled in the state of Florida, his personal property, wherever located, is to be administered according to the law of that state; and therefore it would be the duty of the surrogate to transmit the personalty, after payment of the debts due in this state, to the state where the testator was domiciled, there to be administered according to law. There is no allegation that letters had been issued in the state of Florida, where it is alleged the testator was domiciled at the time of his death; and the Supreme Court, as I understand it, has no jurisdiction to administer the personal estate of a decedent whose will has been admitted to probate in this state. The question presented should be determined by the surrogate on the settlement of the executrix's accounts.

I am also inclined to the view that the adjudication by the surrogate on the admission of this will to probate was an adjudication that the testator was domiciled in this state, and that his personalty is to be administered according to the laws of this state. When this will was presented for probate, plaintiff in this action was made a party to that proceeding, appeared in opposition to the probate of the will, and alleged that the testator was domiciled in the state of Florida. That question was tried by the surrogate on the probate of the will, and he found as a fact that the decedent was a resident of this state, and therefore admitted the will to probate. The surrogate undoubtedly would have had jurisdiction to admit the will to probate on the ground that personal property of the testator was located in this state. The surrogate also had power, and it was his duty, to inquire into the inhabitancy of a deceased person whose will was offered for probate, and his adjudication on that fact was conclusive. See the Bolton Case, 135 N. Y. 68, 31 N. E. 1001, 18 L. R. A. 242; and cases there cited; the O'Donoghue Case, 159 N. Y. 87, 53 N. E. 537. Here the answer set up the decree of the surrogate and the finding of fact of the surrogate in the probate proceedings. To that defense the plaintiff replied, admitting the facts as alleged in the answer; and I think, therefore, on the pleadings the defendant was entitled to judgment.

I think, therefore, the order appealed from should be reversed, and the motion for judgment granted.