In the Matter of the Accounting of CITY BANK FARMERS TRUST COMPANY, as Executor of AUSTIN R. SMITH, Deceased, Petitioner.

MERCEDES SMITH, Respondent.

Surrogate's Court, Monroe County, June 1, 1944.

*K. B. Castle* for petitioner.

*A. E. Webster* for respondent.

*S. B. Dicker*, special guardian for minor children.

FEELY, S. In this judicial settlement of the executor's account, the petition and citation present two special points for determination by the court, to wit, as to the domicile of testator, and as to his widow's having a right to elect against the will.

As to the first, it was satisfactorily shown by testator's own letters, especially, Exhibit 2, written from Madrid, Spain, on October 15, 1941, just one month before his death there, that after much opposition he had finally decided to keep all his family there where they had their friends and relatives. He had lived there many years as an employee of a New York City bank, and had married a Spanish lady. She outlived him, as did their six children, the oldest of whom has recently become of age. The testimony as a whole establishes clearly, and to the satisfaction of all concerned, that testator had fixed Madrid, Spain, as his permanent home and only domicile, and that he had made no change in this respect during the remaining month that he lived. Testator was a native of Rochester, and was at all times a citizen of the United States of America. It is immaterial for any purpose herein whether his wife ever became a citizen here or not (*Matter of Chadwick*, 109 Misc. 696, 702).

As to the widow's right to elect against the will under section 18 of the Decedent Estate Law, it appears that on December 27, 1930, testator duly executed his last will in Spain, in conformity with the laws of the State of New York as to the formalities of subscription, publication and attestation; and that in it he disposed of all of his personal or movable property, which then was, and since has been, located in the city of New York. He never had real property or land in the State of New York. He declares in his will, it is " my intention that this will shall apply solely to such property, real or personal, which I may leave in the United States of America, and not to any property which I may leave outside the said United States of America." The will, in brief, created a trust for his children, but makes no mention whatever either of his widow or of her rights. After the will had been probated in this court, the widow duly made and filed a notice of her election, dated March 1, 1944, to the effect that as against said last will, she elected " to take her share of said decedent's estate as in intestacy." The will was made about four months after the effective date of the enactment of section 18 of the Decedent Estate Law, which created the election. The will begins with a declaration that testator thereby revoked any and all testamentary dispositions by him at any time made with reference to any property, real or per-

sonal, which he might leave in the United States of America, adding: " And I hereby elect that all of the dispositions of this my last will and testament and the validity and effect of such dispositions shall be construed, regulated and determined by the laws of the State of New York, United States of America." Later in the will he provides that, if certain powers of appointment were not exercised, the trustee should pay the appointive property " to such persons as shall then constitute the next of kin * * * according to the laws of New York now governing the distribution of property in case of intestacy."

Testator thus took advantage of the declaration made in section 47 of the New York Decedent Estate Law that " Whenever a decedent, being a citizen of the United States or a citizen or subject of a foreign country, wherever resident, shall have declared in his will and testament that he elects that such testamentary dispositions shall be construed and regulated by the laws of this state, the validity and effect of such dispositions shall be determined by such laws."

Testator thus placed his personal property here entirely in the power and control of the laws of New York, be they whatsoever they might at the time of his death. The executor and the special guardian both argue this did not confer a right of election on the widow, which is claimed for her by her counsel.

The will was skillfully drafted, following closely the words of the section last quoted. The right of election, created in New York in 1930, is an essential and inseparable part of the wholly statutory right to make thereafter a last will or codicil; so that a will is invalid here inasmuch as it either omits the surviving spouse altogether, or tenders less than the statutory equivalent of such spouse's " intestate share " as this term is defined in the statute. This testator submitted his last will to the laws of New York, whatever they might be, in respect of his personalty in this State; and he did so in such general terms that the application of New York law to his personal estate cannot be said to have been limited by him to the express provisions or affirmative dispositions of his will, but it necessarily involves the omission, or " absence " as the title of the statute reads, of the requisite compulsory testamentary provision for the widow. When testator used the word " validity " in his submission, he must be deemed to have had in mind something more substantial than mere procedure.

The peculiarity of this case is that the widow had a right of testamentary election under the domiciliary Spanish law, similar to those rights of foreign infants which the courts of

this State, even before 1930, protected and enforced as to personalty here, although a testatrix, domiciled abroad, had not made the submission aforesaid (*Trimble* agt. *Dzieduzyiki et al.*, 57 How. Pr. 208), but she had by her will authorized an executor here to collect her property here and pay it over as directed in her will and according to law. Her will gave all her estate to her husband, where the domiciliary foreign law limited such a bequest to one half. Under the law of Spain, this testator Smith could not by silence or omission deprive his widow of the " portion légitime ", which is only the usufruct of one third of his property. As to that she is known there as a " forced heir ". To some extent the children also acquired a like right there. Testator's continued residence in Spain, after the date of the will, ending definitely in his declaration of making his permanent home there, had the effect, generally speaking, of leaving the validity of his will of his personal property to be determined by the place of his domicile at the time he signed the will (see Decedent Estate Law, § 24; *Matter of Duke,* 181 Misc. 529), which happened to be also the place of his domicile at the time his last will became effective at his death there.

Moreover, testator, by his submission of his personal property here to New York law, must be deemed here to have necessarily tendered to his widow another right to elect as against his last will. His last wishes could not be carried out here in disregard of the right of election that has been given to the widow by a change in the laws of New York made just a few months before the time this will was signed. It is immaterial that testator was probably not aware of this new law at any time. Inasmuch as this New York election extends to a third of the principal itself, over and above the mere usufruct under the Spanish election, it is the preferable right. As testator's entire testamentary estate consists of his personal property here in New York, the widow's election here to take her New York rights is a valid election, and has the effect of absorbing and merging her domiciliary right to a mere usufruct. The result as to the children, as " forced heirs ", entitled to a usufruct only, still approximates, at least, their domiciliary rights, which the testator had planned by his will to enlarge.

My conclusion is that the widow is now entitled to the same portion of this testator's personal estate here as if he had died domiciled here in New York. Whether this consequence was or was not foreseen or known by him is immaterial. He planned his will to be governed as to its validity and legal effect by

whatsoever the laws of the State of New York might be at the time of his death. He used the future tense in his declaration that the '' validity and effect of such dispositions shall be construed, regulated and determined by the laws of the State of New York.'' He took the risk of changes being made in those laws. He did not limit them to those in effect at the date of the will. He may or may not have been ignorant of the then recent change in New York law creating a spouse's election. It is also aside from the point to argue that it is unfair to the children for the widow to claim an election, after having received, as the special guardian's brief states the fact to be, $20,000 insurance on testator's life. It is probable the children's net share under the will after the election will be of more value than the Spanish usufruct aforesaid.

It is possible testator mistakenly intended to evade or transcend those domiciliary rights of election by submitting his estate to New York, instead of Spanish law, but such a mistake in a last will is not a ground for reforming the instrument. Had his will been made before September 1, 1930, he would have succeeded (see *Hutchinson* v. *Ross,* 262 N. Y. 381, 393), and his plans would have fitted together well. Our courts have recognized the right of such a testator to effectuate here, by submission of his personalty here, to our law, results he could not have accomplished had he left his estate to be governed by the law of his foreign domicile (*Matter of Tabbagh,* 167 Misc. 156). Having made his will after September 1, 1930, he unwittingly left it open for the widow to obtain more, rather than less; so there is no question presented of wrongfully depriving a spouse of a compulsory share.

There seems to be an essential difference between this case and that reported in the *Matter of Slade* (154 Misc. 275 [1935]). There a decree of probate was obtained here on an allegation that testator was a nonresident of New York, who resided at death in France; and later on the same basis an exemption from estate taxation was obtained. At judicial settlement there came up for decision the widow's claim of the right to elect under section 18; but both she and the executors were properly held to have estopped themselves to claim a different domicile then they had by their representations aforesaid. The report is silent as to whether testator had expressly subjected by his will any part of his estate to New York law under section 47; and the facts indicate there was not any ground from which to infer that any such intention had been entertained; nor is there any indication the widow claimed her foreign right to a

compulsory share, or " portion légitime " in testator's personal property here, as she might have done under the ruling in *Trimble* agt. *Dzieduzyiki et al.* (57 How. Pr. 208, *supra*) ; but the report does show that as to a small parcel of realty here the claim was noted, but that it was not pressed, nor decided, although there is an intimation that, if it had been, it might have been protected. As to realty, unquestionably, a different rule prevails. In such a setting, the learned Surrogate was right in saying " there exists no right of election available to his widow ", that is to say, under our section 18. He also said: " The new right of election to take against a will is not available to a surviving spouse of a non-resident maker of a will." He also said that the limitations in section 18 are confined to the estates and wills of residents of this State. To my mind the context and facts seem to indicate these statements were not meant to be general ones, universally applicable, without regard to the facts of the particular decision which they explain.

I have been unable to find any ground for differentiating the case of testamentary election under section 18 against a resident spouse, and the case of a nonresident spouse who in his will expressly puts his personal estate, under section 47, on the same footing as the estate of the resident testator. There is no inconsistency between sections 18 and 47; nor is section 18 limited to residents by its terms. On the peculiar facts in the *Slade* case (154 Misc. 275, *supra*), the decision made therein was correct; but an entirely different situation seems to be presented in the case now in hand.

*Matter of Thorold* (147 Misc. 899) is not decisive of the present question. There the husband of a testatrix, whose last will, omitting him, had been admitted in England, was allowed to appear and oppose here an application here for ancillary letters testamentary, apparently the will not having expressly subjected the estate to New York law, and the ground of his opposition was that testatrix was really and actually domiciled here in New York at the time she died in London. The court said that as his right to elect was controlled by domicile, he had a right to a day in court on that question. The implication is that if she were found to have been domiciled here, he could elect against the will; but *non constat* what the decision would have been if she were found to have been domiciled in England.

As for other cases, none have come to the attention of the court that appear to be in point. A collection of pertinent rulings, both here and in other jurisdictions, is presented in the fifth volume of Ruling Case Law at page 1025.

On notice submit for signature and entry a decree of judicial settlement herein, framed in accord with this decision, and with provision for allowances then to be made and inserted.