George Frankenthaler, S.
The testator, a resident of New Jersey for many years, kept a large portion of his personal property in this county. His will has been admitted to probate here as the will of a nonresident who died outside the State leaving personal property within this county (Surrogate’s Ct. Act, § 45, subd. 3). The widow, who is a beneficiary of the residuary trust, has filed an election to take against the will (Decedent Estate Law, § 18). She is one of three executors. One of the other executors challenges the right of a nonresident widow of a nonresident testator to invoke section 18 of the Decedent Estate Law.
The question is not a novel one. Not long after the enactment of section 18, Mr. Surrogate Foley, who had been chairman of the commission which recommended the statute (see Combined Reports of the Decedent Estate Commission, pp. 29, 156), judicially determined that the 11 limitations of section 18 * * * upon the testamentary right to bequeath and the privilege given by its terms to a surviving spouse, in so far as they apply to personal property, are * * * confined to the wills and estates of residents of this State. The new right of election to take against the will is not available to a surviving spouse of a nonresident maker of a will.” (Matter of Slade, 154 Misc. 275, 277.) That decision is in full accord with the generally accepted rule that a widow’s right to take personal property *168 against the will of her husband is regulated by the law of his domicile. (Restatement, Conflict of Laws, § 301; 2 Wharton, Conflict of Laws [3d ed.], p. 1346; 2 Beale, Conflict of Laws, § 301.1; 4 Page, Wills, p. 731.)
The application of the rule announced in Matter of Slade (supra) was limited by Surrogate Feely in Matter of Smith (182 Misc. 711, 717). In the latter case, a nonresident, exercising the privilege given him by section 47 of the Decedent Estate Law, provided in his will as follows (p. 714): “ And I hereby elect that all of the dispositions of this my last will and testament and the validity and effect of such dispositions shall be construed, regulated and determined by the laws of the State of New York.” The court held (p. 714) that the “ right of election, created in New York in 1930, is an essential and inseparable part of the whole statutory right to make thereafter a last will or codicil; so that a will is invalid here inasmuch as it either omits the surviving spouse altogether, or tenders less than the statutory equivalent of such spouse’s ‘ intestate share ’ as this term is defined in the statute ’ ’, and that a testator who by his will submitted his personal property to the application of New York law “ must be deemed here to have necessarily tendered to his widow [a] right to elect as against his last will ” (p. 715).
The widow seeks to bring this case within the rule applied in Matter of Smith (supra) asserting that decedent declared his intention that the law of New York apply. The court is not in accord with her contention and holds that testator has made no such declaration.
The widow relies upon the following circumstances as amounting to a declaration by the testator that New York law shall regulate the validity and effect of the testamentary dispositions : (1) In the first sentence of the will the testator described himself as “of the City, County and State of New York”. (2) In the 12th paragraph of the will which enumerates the powers of the trustees, the power to change investments limits the fiduciaries to those ‘ ‘ authorized for the investment of trust funds by the laws of the State of New York and not otherwise”. (3) The testamentary trust for the benefit of the widow provides for the payment to her from income and principal of such sums as might be required so that with the income of a trust separately created by the testator she would receive $250 a month. The separate trust instrument to which reference is made, explicitly provides that it “ shall be construed and administered in accordance with the laws of the State of New York ”, *169 (é) The will was prepared by a New York attorney and was executed in New York; two of the executors reside in New York; the personal property was located in New York; the decedent conducted his business in New York.
Neither alone nor in combination do these or other cited facts amount to an invocation of New York law as the law regulating the validity and effect of the bequests. Neither singly nor in their cumulative force do they amount to a tender to the widow of a right to elect against the will. If a self-invoked application of New York law would result in dividing the personal property of the testator along wholly different lines from those set out in his will, we must require a clear and explicit declaration of such a purpose. (See Matter of Berger, 183 Misc. 366, 369.) This will is wholly lacking in any clear declaration of an intent to have the law of this State so regulate the validity of the gifts. Not only does the will lack any explicit declaration of such intent, but both will and trust instrument clearly reveal that when the testator actually desired to invoke any portion of the New York statute or rules, he knew how to do so in language which left no doubt of his purpose. Thus, in the trust instrument he explicitly said that New York law was to apply to the construction of the instrument and to the administration of the trust, but that the law of New Jersey was to regulate the succession to property not effectively disposed of. It is significant that for this testator, invocation of foreign law for administration purposes was not intended to carry with it all the consequences that would flow from complete acceptance of the foreign law. In the will he expressly said that investments must be those authorized by the laws of New York. Again he chose certain statutes to govern administration of his assets, but, as in the trust instrument, he carefully refrained from making New York law the sole test for validity or effectiveness of all dispositions of property. Under such circumstances the inconclusive elements taken from this will and its background cannot fairly be said to amount to a declaration that the law of New York is to determine the validity or effectiveness of the testamentary gifts.
The widow cites Matter of Ryan (178 Misc. 1007, affd. 265 App. Div. 1051) as authority requiring a finding of this testator’s intent to have New York law applied to the validity of the will, because, she says, that decision not only holds that an explicit declaration is unnecessary under section 47 of the Decedent Estate Law but it bases an implied declaration upon facts and circumstances very similar to those present in this case. In that case the learned Surrogate found clear indications “ that
*170 the testatrix intended her estate to be administered under the laws of the State of New York ” and he held that the will “ must be construed in accordance with the laws of this State ” (p. 1009; emphasis added). The question before the court in that case involved the interpretation of language in the will relating to payment of estate taxes out of the residuary estate. The court found tokens of an actual intention to have the will construed under our laws. It would be quite different, however, to find that because there were indications of an intention to have the will so construed, it must follow that there was also an intent to have the law of New York measure the effectiveness of every gift in the will and define the rights of those who were left out of the testamentary scheme altogether or were given something less than would be their share under New York law. Even if we were to ignore very important differences in the facts of that case and those of the pending one and were to focus attention only on the similarities, the facts would not justify a finding that this testator intended to adopt the entire body of New York law on the right to dispose of property by will. The decision in Matter of Ryan (supra) does not hold that such consequences would follow a desire to have a will construed under our laws.
A different question would be involved if the testator left real property located here and the widow sought to enforce rights to share in such realty. It appears that shortly before his death the testator conveyed to a corporation controlled by bim a parcel of real property located in this State. Some of the corporate stock was later transferred by the testator to the trustees under the deed of trust. In the pleadings and brief of the widow, the transfer to the corporation is characterized as illusory. However, that issue was not litigated at the hearing. On the contrary, counsel stated in court that all were in accord that in this proceeding there was no attempt to set aside any transfer of property as illusory. The court construes the allegations and the argument respecting illusory transfer as relating to the quantum of the estate if the value of the widow’s share should become material.
The court holds that the widow has no right under section 18 of the Decedent Estate law to elect to take against the will of this nonresident testator. Submit decree on notice.