In the Matter of the Estate of ROBERT V. CLARK, JR., Deceased.

Surrogate's Court, New York County, December 28, 1966.

584

John B. Loughran, special guardian. Milbank, Tweed, Hadley & McCloy (Alexander D. Forger, Edward J. Reilly, Jr., and Samuel S. Polk of counsel), for petitioners. Winthrop, Stimson, Putnam & Roberts (John B. Jessup and B. Brooks Thomas of counsel), for respondents.

JOSEPH A. COX, S. The executors have instituted this proceeding pursuant to section 145-a of the Surrogate's Court Act for a determination of the validity and effect of the election filed by the decedent's widow under section 18 of the Decedent Estate Law.

The decedent died on October 4, 1964 domiciled in Virginia, leaving a last will and testament which disposed of his property located both in New York and Virginia. The decedent appointed Virginia executors to administer his estate in Virginia which is valued in excess of $334,000 and New York executors to administer his estate assets located in this jurisdiction which are valued at approximately $23,600,000. The will has been admitted to probate both in Virginia and New York.

The only preresiduary bequests made in the decedent's will other than contingent bequests which were to take effect in the event that his wife predeceased him or died without exercising the power of appointment granted to her, are made for the benefit of his said wife. Under article THIRD of the will, the testator give his wife certain real and personal property in Virginia which had a date of death valuation of approximately $234,000, and under article FIFTH of the will, the decedent gave one half of the balance of his estate, remaining after the gift to his wife under article THIRD, to his trustees in trust for the use and benefit of his wife during her life. With respect to such trust he granted to his wife an absolute power of appointment

over the corpus of the trust. The will also contains a direction for the payment of all estate taxes out of the residuary estate which is given in trust for the use and benefit of the decedent's mother.

It is apparent from the provisions above recited that the widow was given more than the minimal requirements set forth in section 18 of the Decedent Estate Law and from the standpoint of her share in the estate percentagewise would have no right to elect to take against the provisions of the will. However, the will contains the following provision which gives rise to the controversy " I further direct that any annual commissions allowable to my trustees shall be paid from income."

The answer filed by the respondent widow in this proceeding raises two issues: (1) is she entitled to share in the decedent's estate pursuant to the laws of the State of Virginia and the notice of renunciation filed by her under such laws and (2) if the law of Virginia is not applicable, is she entitled to elect to take against the provisions of the will under the provisions of section 18 of the Decedent Estate Law of New York by reason of the direction to pay annual commissions out of income.

The first question posed by the respondent's answer must be answered in the negative. Although under Virginia law the widow has the unconditional right to renounce the provisions of a decedent's will and by such renunciation would be entitled to one half of the decedent's personal estate and a dower interest in one third of his real estate, this decedent's will bars the application of Virginia law.

In article TWENTY-FIRST of his will the testator made the following provision: " TWENTY-FIRST: My individual Trustee is a resident of the State of New York, my corporate Trustee is in the State of New York, my intangible personal property is in the State of New York, and I hereby elect and direct that this Will and the testamentary dispositions in it and the trusts set up shall be construed, regulated and determined by the laws of State of New York, and that this Will be offered for probate in the State of New York." Under the authorities the court holds that the administration of the New York assets of this estate, including a determination of whether the widow has a right to elect to take against the provisions of the will under section 18 of the Decedent Estate Law, must be governed by the laws of the State of New York (*Matter of Cook*, 204 Misc. 704; affd. 283 App. Div. 1047; *Matter of Smith*, 182 Misc. 711; *Matter of Tabbagh*, 167 Misc. 156; *Matter of Sahadi*, 30 Misc 2d 166, affd. 283 App. Div. 1012; *Wyatt* v. *Fulrath*, 16 N Y 2d 169). This eliminates the possibility of the widow taking

advantage of the right of renunciation given to her under the laws of the State of Virginia.

The widow's statutory right to elect to take against the provisions of a will may not be a testamentary disposition but it is interwoven with and forms an integral part of the disposition and administration of the decedent's estate. The testator's explicit direction that his will be "construed, regulated and determined by the laws of the State of New York" is in conformity with the public policy of the State of New York as pronounced in section 47 of the Decedent Estate Law and section 12-a of the Personal Property Law and should be honored. As the Court of Appeals stated in *Wyatt* v. *Fulrath* (*supra*, p. 173):

"But New York has the right to say as a matter of public policy whether it will apply its own rules to property in New York of foreigners who choose to place it here for custody or investment, and to honor or not the formal agreements or suggestions of such owners by which New York law would apply to the property they place here.   *   *   *

"It seems preferable that as to property which foreign owners are able to get here physically, and concerning which they request New York law to apply to their respective rights, when it actually gets here, that we should recognize their physical and legal submission of the property to our laws, even though under the laws of their own country a different method of fixing such rights would be pursued."

The second question to be determined is the validity and effect of the notice of election filed by the widow pursuant to section 18 of the Decedent Estate law to take against the provisions of the will. As aforesaid this question arises by reason of the provisions of the will which direct that the trustees' annual commissions should be paid out of income rather than half out of income and half out of principal as provided by subdivision 3 of section 285-b of the Surrogate's Court Act. It is the widow's contention that her income is being diminished by reason of this provision and that such diminution of income gives rise to her right to elect to take against the provisions of the will. The testator herein made aggregate provisions for the benefit of the widow which substantially exceed her elective share in the estate and exceed even the usual maximum marital deduction trusts created by testators for their surviving spouses in order to obtain the greatest tax savings.

In addition to the bequest of real and personal property in Virginia and one half of the balance of his estate, the testator

provided that the gifts to the widow were to be free of all taxes and that the taxes which might otherwise be apportioned against her share in the estate were to be payable out of the residuary. Although the court is not construing the will at this time, it also seems from the wording of the will that except for the administration expenses attributable to the Virginia estate, the widow's trust may not even be cut down by the substantial administrative expenses which will be incurred in the administration of the New York assets (*Matter of Ginn*, 49 N. Y. S. 2d 443; *Matter of Mass*, 65 N. Y. S. 2d 93).

This court does not function in a vacuum and is fully cognizant of the impact of taxes on estates and individuals and the effect of the tax provisions of this will. The testator was under no duty under section 18 of the Decedent Estate Law or any other law to free the respondent's share in his estate from all taxes or to give her the uncontrolled power of appointment over the trust principal which qualified it as a marital deduction trust under the Federal revenue statutes. These additional direct benefits conferred upon the widow by the testator must be considered in ascertaining whether the widow has any right to elect to take against the provisions of the will and in determining whether the widow will receive the "substantial equivalent" of her elective share (*Matter of Byrnes*, 260 N. Y. 465, 470, 474).

In all of the reported cases dealing with a possible incursion upon or diminution of trust income, the courts were concerned with minimal trusts equal in amount to the surviving spouse's intestate share of the estate. No such fact is here present. The aggregate gifts to the widow and the direct and indirect benefits conferred upon her, as hereinabove enumerated, remove this case from the framework of considerations usually involved in the determination of cases where there was a cutting down of the surviving spouse's benefits which would render the trust for her benefit illusory (*Matter of Wittner*, 301 N. Y. 461; *Matter of Hyman*, 41 Misc 2d 939, affd. 24 A D 2d 703, mot. for lv. to app. den., 16 N Y 2d 484; *Matter of Bommer*, 159 Misc. 511).

Section 18 of the Decedent Estate Law and all the amendments made thereto since its enactment were designed to correct the glaring inequity in the law which permitted a testator to leave his widow penniless after death even though he was required by law to support her during his lifetime. The philosophy behind the enactment of such social legislation is obviously not applicable to the facts in the case at bar. It is expected that the

trust for the widow over which she has an absolute power of appointment will exceed $11,000,000 and her income from the trust is expected to exceed $400,000 annually.

The effect of the testator's direction to pay all annual commissions out of income is to impose upon her income a charge of approximately $22,000 per annum which after taxes would mean an actual depletion of her income in an amount less than $7,000 annually. Such sum, when measured against the annual income of approximately $400,000, loses much of its significance (*Matter of Baileson,* 16 N Y 2d 757; *Matter of Byrnes,* 260 N. Y. 465, *supra*).

The direction to pay annual commissions out of income is an administrative direction made for the purposes of convenience and for the additional purpose of keeping the trust assets intact for the benefit of the widow. Trustees are required to keep trust assets fully invested and, lacking a direction to pay annual commissions out of income, they would be required to sell assets each year in order to receive their commissions. This would cause unnecessary expenses to the trust estate and might result in possible losses. From the facts in this case, it cannot be said that it was the testator's intent in any wise to diminish his wife's share in his estate or to render the trust created for her benefit illusory.

In summary, it is this court's finding that the aggregate provisions made for the decedent's widow under the will substantially exceed her elective share in the estate and that the direction to pay annual commissions out of income does not deprive her of income from the estate so as to give her a right of election (*Matter of Baileson,* 16 N Y 2d 757, *supra*).