In the Matter of the Estate of Robert V. Clark, Jr., Deceased. N. Holmes Clare et al., Respondents; Elizabeth D. Clark, Appellant.

First Department, June 29, 1967.

*John B. Jessup* of counsel (*B. Brooks Thomas* and *Paul S. Byard* with him on the brief; *Winthrop, Stimson, Putnam & Roberts*, attorneys), for appellant.

*Alexander D. Forger* of counsel (*Edward J. Reilly, Jr.*, and *Samuel S. Polk* with him on the brief; *Milbank, Tweed, Hadley & McCloy*, attorneys), for respondents.

*John B. Loughran* of counsel (*Joseph H. Spain* with him on the brief), for infants, respondents.

STEUER, J. The decedent, a domiciliary of Virginia, died October 4, 1964. His estate was made up of property in Virginia and in New York. The property here, which in value is the larger part of the estate, consisted of securities deposited with a New York bank. His will provided that it should be construed, regulated and determined by the laws of the State of New York.

The will contains a testamentary trust for the benefit of his widow which would fulfill the requirements of section 18 of the Decedent Estate Law. However, it is conceded that under the laws of the Commonwealth of Virginia the widow has the absolute right to renounce the will and to assert her statutory rights to her proportionate share of the estate outright. It is further conceded that timely notice of her election to do so was given. The purpose of this proceeding is to determine whether under these facts she is entitled to renounce.

It must be quite clear that in the resolution of this question it is immaterial whether the provision made for the widow was equitable or inequitable, or how it compares in actual monetary return with what she would be entitled to after renunciation. While such considerations would be pertinent to an inquiry as to whether the disposition was permissible under our laws, no such issue is here presented. The testator's power to make the dispostion that he did does not depend on whether the trust he created provided an equivalent inheritance to his widow but rather on whether he had the power, against her wishes, to provide for her by trust at all.

Concededly, under the laws of the domicile of both parties he had no such right. In the absence of statute there could be no question that the law of the testator's domicile would control (Restatement, Conflict of Laws, § 301). The very statute which is relied on to provide the exception enunciates this established

rule. " Except where special provision is otherwise made by law, the validity and effect of a testamentary disposition of any other property [other than real estate] situated within the state * * * are regulated by the laws of the state or country, of which the decedent was a resident, at the time of his death." (Decedent Estate Law, § 47.) The same statute, however, provided that wherever a nonresident " shall have declared in his will and testament that he elects that such testamentary dispositions shall be construed and regulated by the laws of this state, the validity and effect of such dispositions shall be determined by such laws."

Does or can this provision go to the extent of depriving a renouncing spouse of her rights under the laws of the jurisdiction where she resides or, conversely, does it empower the testator to make testamentary provisions in derogation of these rights and enable him to do what he otherwise could not? We believe that it does not. Primarily, the right of a widow to inherit despite the will is not a " testamentary disposition " in any sense. It is a restriction on the right to make a testamentary disposition. Where the law of her domicile gives a widow no right to take against the will, she gains none from the fact that the property and administration are in a jurisdiction where there is such a right (*Matter of Slade,* 154 Misc. 275, FOLEY, S.; *Matter of Thorold,* 147 Misc. 899). " That decision [*Matter of Slade*] is in full accord with the generally accepted rule that a widow's right to take personal property against the will of her husband is regulated by the law of his domicile." (*Matter of Sahadi,* 30 Misc 2d 166, 167–168, affd. 283 App. Div. 1012.) On the other hand, where the laws of the widow's domicile do give the widow such a right, the fact that the property and administration are here does not deprive her of that right (*Flatauer* v. *Loser,* 156 App. Div. 591, revd. on other grounds 211 N. Y. 15). It would therefore appear that the right of election is one that arises not out of testamentary rights but contrary to them.

"The condition clearly was such as New York might, without restraint from the Federal Constitution, annex to the privilege of making a will under its law. Its effect was to continue as obligations of his estate social responsibilities which he had assumed during life, unless they had been waived with required formality." (*Irving Trust Co.* v. *Day,* 314 U. S. 556, 563.) Our Court of Appeals had taken a similar view of the nature of the right of election. " The inconsistency in our old law which compelled a man to support his wife during his lifetime

and permitted him to cut her off with a dollar at his death, has given way to a new public policy which no longer permits a testator to dispose of his property as he pleases." (*Matter of Greenberg*, 261 N. Y. 474, 478.)

It therefore appears that the domiciliary State of the testator may place limitations on his right to dispose of his property by will; and that the right of election to take against the will is such a restriction, and whether such a right exists, and the extent of it, is determined by the law of the domicile.

Nothing in section 47 of the Decedent Estate Law changes this. Primarily, the section does not apply because the right of election is not a testamentary disposition. The learned Surrogate so recognized but concluded that it affected the validity and effect of a testamentary disposition. But to so construe the section would be to give the testator the right to nullify the applicable law and substitute another at his sole election. The reliance placed by the Surrogate on the decisions in *Wyatt* v. *Fulrath* (16 N Y 2d 169) and *Matter of Smith* (182 Misc. 711) is misplaced. The former case did not involve a testamentary disposition but rather the right of survivorship in a joint account. But even eliminating this distinction, a far more compelling one exists. In *Wyatt* both spouses acted in concert in the intial application to have New York law apply to the property in question. In *Smith*, the widow adopted the testator's election to have New York apply. Even with this distinction that decision has been severely criticized. (Scoles, Conflict of Laws and Elections in Administration of Decedents' Estates, 30 Ind. L. J. 293, 307.) And today the decision could not be made. The right of election pursuant to New York law is now limited to spouses of decedents who were domiciled in New York at the time of death (Decedent Estate Law, § 18-c, subd. 6). There is no exception for decedents who elect to have their wills governed by New York law pursuant to section 47, though this possibility was before the Legislature (see Temporary State Comm. on Law of Estates, Fourth Report, N. Y. Legis. Doc., 1965, No. 19, p. 148).

It would follow that section 47 does not effect any change in the basic law and the election right of the widow, governed by the law of the testator's domicile, should be recognized.

The decree entered January 4, 1967, denying appellant the right to elect against the will of her deceased husband should be reversed, on the law, and the relief granted.

RABIN, J. (dissenting). I dissent and would affirm upon the opinion of Surrogate Cox. However, I wish to add that if

section 47 of the Decedent Estate Law is to be given effect, we cannot refuse to do so because of the consequences. That is a matter to be considered by the Legislature and not by the courts. Section 47 of the Decedent Estate Law provides that testamentary dispositions of a nonresident " shall be construed and regulated by the laws of this state " where the testator shall have in his will expressed his election that it be so done.

The cases which have considered the effect of section 47 of the Decedent Estate Law have recognized that such section might be used by a testator to avoid restrictions on testamentary dispositions of property imposed by the laws of their own domiciles. In *Matter of Cook* (204 Misc. 704, 705, affd. 283 App. Div. 1047) the court stated: " In this proceeding the court is asked to say whether this provision [section 47 of the Decedent Estate Law] affords residents of other jurisdictions a means of escaping onerous restrictions on the testamentary disposition of property imposed by the laws of their own domiciles. The answer is that the statute does exactly that when the estate left by the testator is subjected to control by the courts of this State as it was in this case by the selection of a New York fiduciary, by the testamentary transmittal of the property to this jurisdiction and by the direction as to the governing law."

The argument is made that the right of election does not constitute a testamentary disposition — with regard to which section 47 of the Decedent Estate Law is concerned. However, it does in fact affect testamentary dispositions and, therefore, comes right within the meaning of section 47. Permitting the right of election given by another State, rather than by New York could destroy the right of a nonresident to have New York law prevail in connection with his testamentary dispositions. To put it another way, to give a widow a right of election under the laws of the domicile of the decedent, in the face of an expressed intention by the testator to have New York law apply, in effect, nullifies whatever right is given him by section 47 of the Decedent Estate Law.

The nature of the right of election was considered in *Matter of Smith* (182 Misc. 711), where the court permitted the widow of a domiciliary of Spain to make her election under New York State law, since the testator had invoked section 47 of the Decedent Estate Law.

It is contended that the *Smith* case (*supra*) does apply here for, by allowing the right of election in that case, the widow acquired a greater right than that which was allowed under the

law of the testator's domicile. However, that argument is merely addressed to the consequences of the application of section 47 of the Decedent Estate Law and not to whether section 47 applies to the widow's right of election. At any rate, the court in *Matter of Smith* (*supra*) indicated that it would have reached the same conclusion had less rights been given to the widow under the laws of the State of New York than those by the domiciliary country. The court stated, that had the will been made before September 1, 1930, (that is, before the right of election under New York State law accrued, and when the widow would not have had any right of election to take against the will) the testator could have avoided the forced heirship of the widow as provided for by the laws of Spain.

It is claimed, moreover, that the principle enunciated in the *Smith* case is not applicable here since the widow in that case was seeking to obtain her right of election in agreement with her husband's choice of law and not in opposition to it. However, here again the court indicated quite clearly that the result would have been the same, i.e., New York State law would have been followed even though she chose to elect in opposition and not in agreement with her husband's choice of law. The court stated: This testator submitted his last will to the *laws of New York, whatever they might be,* in respect of his personalty in this State; and he did so in such general terms that the application of New York law to his personal estate cannot be said to have been limited by him to the express provisions or affirmative dispositions of his will, but it necessarily involves the omission, or ' absence ' as the title of the statute reads, of the requisite compulsory testamentary provision for the widow.'' (*Matter of Smith, supra,* p. 714; emphasis supplied.)

This case also indicates that the right of election does affect testamentary dispositions and does come within section 47 of the Decedent Estate Law.

An additional argument is raised by the parties. It is stated that subdivision 6 of section 18-c of the Decedent Estate Law (as amd. by L. 1966, ch. 517, eff. Sept. 1, 1966) provides that the right of election pursuant to New York State law, is not available to the '' spouse of a decedent who was not domiciled in this state at the time of death,'' and that therefore that section would be rendered meaningless if section 47 of the Decedent Estate Law gives such a spouse a right of election under New York State law. It must be noted that prior to the enactment of this statute, the wife of a nonresident did not have a right of election with respect to personalty. This new

section did not change the prior holding of the courts with respect to personalty, but merely equated realty with personalty in this regard. Yet, such holdings notwithstanding, in construing section 47 of the Decedent Estate Law, the courts have held that when invoked, the right of election would be given to the wife. (*Matter of Smith, supra*; see *Matter of Cook, supra.*)

In any event, the decedent here died on October 4, 1964, and the will was executed in January of 1962. Subdivision 6 of section 18-c of the Decedent Estate Law did not go into effect until September 1, 1966. That statute is prospective in operation and only affects wills executed after the effective date of the statute. (See N. Y. State Legis. Annual, 1965, Temporary Comm. on the Law of Estates, p. 206.)

Accordingly, the decree of the Surrogate Court should be affirmed.

BOTEIN, P. J., and BASTOW, J., concur with STEUER, J.; RABIN, J., dissents in opinion in which TILZER, J., concurs.

Decree reversed, on the law, with $50 costs and disbursements to all parties filing briefs payable out of the estate, and appellant's right to elect against the will is upheld.