■ RUTH C. DOWN, Appellant, v. ARDITH D. MORRIS, as Executrix of ELMER J. DOWN, Deceased, Respondent.— GREENBLOTT, J. Appeal (1) from an order of the Supreme Court at Special Term which denied appellant's motion for summary judgment and granted respondent's cross motion for summary judgment, and (2) from the judgment entered thereon. The appellant is the widow of Elmer J. Down, deceased, who died in Miami, Florida, on January 28, 1964. Both were residents of Florida at the time of his death. His will, executed in New York on October 29, 1962, named the respondent, his daughter, as executrix of the will and placed the bulk of his estate in trust with one half of the net income to be paid to his wife for life, and the other half to be paid to his daughter for life; the trust was to terminate on the death of the testator's wife with the corpus passing to the respondent. The fifth clause of the will states: "I elect and hereby declare that this Will and each and every disposition and provision herein contained shall be construed and regulated by and in accordance with the laws of the State of New York and the validity and effect of this Will and each and every disposition and provision herein contained shall be governed by the laws of the said State. It is my desire that this Will be probated in the State of New York and that the principal administration of my estate be had in said State, and that none of the assets of my estate, which may be found in said State, be remitted to any other jurisdiction for administration or distribution." Most of the estate consists of personal property located in the State of New York. The will was filed in the Schenectady County Surrogate's Court on June 10, 1964, and admitted to probate. The will was also probated in Dade County, Florida, on November 10, 1964. Citations in the Florida proceeding were personally served on the respondent in New York, but she failed to appear. Pursuant to Florida law, appellant declared that she was not satisfied with the provisions in the will and elected to take dower of one third of the real and personal property of the deceased, free from all debts and expenses. The Florida court granted judgment for appellant, allowing her one third of the assets of the estate exclusive of debts and costs. Appellant then commenced this suit to declare the Florida judgment binding on respondent and entitling her to a judgment in the amount of one third of the New York property. Respondent's answer sets up the following defenses: the Florida court had no jurisdiction to render its judgment because she was never personally served in Florida, and because the assets of the estate are located in New York; according to the will, the law of New York is to be applied, and under New York law, the appellant would have no right of election, because adequate testamentary provisions were made for her; the appellant and the testator entered into a valid antenuptial agreement under which the appellant agreed to accept the provisions which were actually embodied in the deceased's will. Special Term granted respondent's motion for summary judgment holding that New York law applied, and that under such law, appellant was not entitled to elect against the will. The court determined that the will's direction that New York law applied, should be given effect because of section 47 of the Decedent Estate Law. Section 47 provides: "Whenever a decedent, being a citizen of the United States or a citizen or a subject of a foreign country, wherever resident, shall have declared in his will and testament that he elects that such testamentary dispositions shall be construed and regulated by the laws of this state, the validity and effect of such dispositions shall be determined by such laws." Special Term relied entirely on *Matter of Clark* (52 Misc 2d 583). This decision was reversed by the Appel-

late Division, First Department (28 A D 2d 55), which decision was affirmed by the Court of Appeals (21 N Y 2d 478); the reversals being subsequent to the Special Term decision herein. The decision of the Court of Appeals in *Matter of Clark* (*supra*) is dispositive of this appeal. The appellant's right of election is not a "testamentary disposition" and therefore, the provisions of section 47 of the Decedent Estate Law do not apply. It is clear that Florida law should apply, since it is the domicile of the decedent and the widow and has the predominant interest in the protection of the surviving spouse. Order and judgment reversed, on the law and the facts, and motion for summary judgment granted, without costs. Gibson, P. J., Aulisi, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by Greenblott, J.